| B104<br>(Rev.<br>2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING<br>(Court Use Only) |
|---|---|---|

| **PLAINTIFFS**<br><br>Robert and Anna Cano | **DEFENDANTS**<br><br>GMAC Mortgage Corp. |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>Ellen Stone          Karen Kellett<br>62 E. Price Road     900 Jackson St., Ste. 120<br>Brownsville, TX  78520   Dallas, TX  75202  [+] | **ATTORNEYS** (If Known) |
|---|---|

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Suit alleges violations of the United States Bankruptcy Code, including the chapter 13 provisions, the automatic stay, the discharge injunction, and the requirement of disclosure and application for professional fees, as well as breach of contract and unfair debt collection practices.  Plaintiffs seek declaratory and injunctive relief, actual damages, and sanctions for contempt.  11 U.S.C. 105, 362, 506(b), 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327, 1328, and Bankruptcy Rules 2016(a) and 7023; 15 U.S.C. 1692 et seq.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☑ **454** To Recover Money or Property

☐ **435** To Determine Validity, Priority,
Extent of a Lien or Other
Interest in Property

☐ **458** To obtain approval for the sale
of both the interest of the estate
and of a co-owner in property

☐ **424** To object or to revoke a
discharge 11 U.S.C. § 727

☐ **455** To revoke an order of confirmation of
a Chap. 11, Chap. 12, or Chap. 13 Plan

☐ **426** To determine the dischargeability
of a debt 11 U.S.C. § 523

☐ **434** To obtain an injunction or other
equitable relief

☐ **457** To subordinate any allowed claim
or interest except where such
subordination is provided in a plan

☐ **456** To obtain a declaratory judgment
relating to any of the foregoing
causes of action

☐ **459** To determine a claim or cause of
action removed to a bankruptcy
court

☐ **498** Other (specify)

| **ORIGIN OF PROCEEDINGS**<br>(Check one box only.) | ☐ 1 Original<br>Proceeding | ☐ 2 Removed<br>Proceeding | ☐ 4 Reinstated<br>or Reopened | ☐ 5 Transferred<br>from Another<br>Bankruptcy<br>Court | ☑ CHECK IF THIS IS A CLASS<br>ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND | OTHER RELIEF SOUGHT | ☐ JURY<br>DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Robert and Anna Cano | BANKRUPTCY CASE NO.<br>02-70359 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of Texas | DIVISIONAL OFFICE<br>McAllen Division | NAME OF JUDGE<br>Schmidt |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE**   (Check one box only.)   ☑ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE<br>05/19/2008 | PRINT NAME<br>Ellen C. Stone, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 02-70359** |
| | § | |
| **ROBERT AND ANNA CANO** | § | **CHAPTER 13** |
| | § | |
| **DEBTORS.** | § | |
| | § | |
| **ROBERT AND ANNA CANO** | § | |
| **and all those similarly situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GMAC MORTGAGE CORP.** | § | **ADVERSARY NO. _____** |
| | § | |
| **Defendant** | § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Robert and Anna Cano, on behalf of themselves and all others similarly situated, and file this Original Complaint and Application for Injunctive Relief against Defendant GMAC Mortgage Corp. ("GMAC," "Defendant," or "Defendant GMAC") complaining of GMAC's pattern and practice of violating the provisions of the United States Bankruptcy Code, chapter 13 bankruptcy plans, and the orders confirming such plans. In support of their pleadings, Plaintiffs respectfully show the Court as follows:

**I.  PRELIMINARY STATEMENT**

1.      This class action is brought by Plaintiffs to remedy Defendant GMAC's consistent pattern and practice of disregard for the provisions of the United States Bankruptcy Code and of confirmed Chapter 13 bankruptcy plans, resulting in undisclosed and unapproved fees, illegal

**ORIGINAL COMPLAINT**                                                                                           **Page 1**

collection of prepetition and plan-paid debts, and improper threats of foreclosure against homeowners who have complied with the terms of their Chapter 13 bankruptcy plans.  This class action is also brought to prevent and remedy GMAC's wrongful foreclosure of homes of debtors who complied with the terms of their Chapter 13 plans and received a discharge pursuant to the United States Bankruptcy Code.

2.     Specifically, this class action is brought to remedy Defendant's pattern and practice of abusing the entire bankruptcy process in Chapter 13 proceedings by failing to properly account for regular mortgage and deficiency payments pursuant to Chapter 13 plans and bankruptcy court orders, by continuing to collect pre-petition or other amounts of mortgage debts that are paid through Chapter 13 plans, in violation of such plans, and by charging fees during the Chapter 13 process that are not brought before the Court for a determination of reasonableness.

3.     GMAC specifically and purposely disregards the Bankruptcy Code and Chapter 13 plans confirmed thereunder, illegally collects or attempts to collect amounts from debtors that are not actually owed, and illegally forecloses or attempts to foreclose on the homes of borrowers who are or were current on their mortgages as prescribed by the provisions of the United States Bankruptcy Code. Defendant's routine and persistent attempted collection and/or collection of such debts from debtors are an abuse of process and are in violation of the borrowers' plans, Chapter 13 provisions, and the automatic stay and discharge injunctions of Sections 362, 524 and 1328 of the United States Bankruptcy Code.   Defendant's routine and persistent foreclosure of the homes of debtors who received Chapter 13 discharges after completed plans are an abuse of process and are in violation of their plans, Chapter 13 provisions, and the automatic stay and discharge injunctions of Sections 362, 524 and 1328 of the United States Bankruptcy Code.

**ORIGINAL COMPLAINT**                                                                                    **Page 2**

4.      GMAC also collects unreasonable and unapproved attorney's fees and other fees incurred during a Chapter 13 proceeding in violation of Sections 506, 362 and 1328 of the Bankruptcy Code, and Bankruptcy Rule 2016(a).

5.      Plaintiffs and the class seek a finding that Defendant's acts are in violation of the automatic stay, the discharge injunctions and the Plaintiffs' confirmed chapter 13 plans, and that Plaintiffs and class members are entitled to declaratory and injunctive relief, monetary, statutory, actual and punitive damages and attorneys' fees, a finding of contempt and the issuance of sanctions against Defendant GMAC for unlawful collection practices, fraudulent foreclosures and failure to abide by the requirements of the Bankruptcy Code.  The practices complained of herein represent common policies and practices of Defendant and similarly affect all members of the proposed class.

## II.  JURISDICTION AND VENUE

6.      Jurisdiction of this action arises under 28 U.S.C. §§ 151, 157(b), 1331, 1332 and 1334, and 11 U.S.C. §§ 105, 362, 506, 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327 and 1328, and Federal Rules of Bankruptcy Procedure 2016 and 7023.  Plaintiffs assert claims against Defendant for violation of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1409 and because a substantial portion of the events giving rise to Plaintiffs' claims occurred in this district.  Plaintiffs filed for bankruptcy protection in this district, payments were demanded in this district, and Defendant transacts business in this district.

8.      Plaintiffs' action for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

9.      Plaintiffs' actions for a finding of contempt for violation of the statutorily-mandated stay and discharge injunctions and other provisions of the Bankruptcy Code are authorized by 11

U.S.C. §§ 105, 362, 506, 524, 1322(a)(1), 1322(b)(5), 1327 and 1328 and Federal Rules of Bankruptcy

Procedure 2016(a) and 9020.  Plaintiff's request for injunctive relief is authorized by 11 U.S.C. §§ 105,

362, 506, 524, 1322(a)(1), 1322(b)(5), 1327 and 1328, Fed. R. Civ. P. 65 and Federal Rule of

Bankruptcy Procedure 7065.  Plaintiffs' request for class relief is authorized by Federal Rule of Civil

Procedure 23 and Federal Rule of Bankruptcy Procedure 7023.

### III.  PARTIES

10.     Plaintiffs Robert and Anna Cano reside at 4505 Phyllis Lane, Edinburg, Texas 78541.

11.     Defendant is, on information and belief, a corporation duly organized and existing under

the laws of New York, that may be served with process by serving its registered agent, Prentice Hall

Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701, by certified mail, restricted

delivery, return receipt requested.

### IV.  NATURE OF THE ACTION

12.     For the past several years, GMAC has consistently engaged in a pattern and practice of

abusing debtors who have filed for protection under Chapter 13 of the United States Bankruptcy Code

(the "Code") by failing to properly account for regular mortgage and deficiency payments, charging

and collecting amounts allegedly owed in violation of court-approved reorganization plans and by

charging fees during the Chapter 13 process that are not brought before the Court for a determination of

reasonableness.

13.     As a result of these policies, GMAC regularly notifies Chapter 13 debtors that

 they are delinquent or delinquent in falsely inflated amounts, and threatens to foreclose on their homes

and forecloses on their homes when in fact such former debtors are current on their mortgage

payments.

**ORIGINAL COMPLAINT**                                                                **Page 4**

These policies and practices are manifestly unlawful in that they empower GMAC to

a.   Coerce payment of money in violation of the Code, the terms of the Chapter 13 plans and the orders confirming the plans and other orders entered in the cases;

b.   Violate federal law, including 11 U.S.C. §§ 1322(b)(5), 1322(a)(1), 1326(c), 1327 & 1328 and 15 U.S.C. §1692;

c    Routinely coerce or attempt to coerce the payment of money that is not owed in violation of the automatic stay and discharge injunctions of 11 U.S.C. §§ 362, 524, the Chapter 13 plans, and the fee approval provisions of 11 U.S.C. § 506 and Bankruptcy Rule 2016(a); and

d.   Jeopardize or fraudulently acquire the debtors' homes.

14.   Persons subject to GMAC's policies and practices are damaged in one or more of the following respects:

a.   Their property is encumbered by Defendant's unlawful demands;

b.   They are forced to retain counsel at substantial expense;

c.   They are forced, at substantial expense, to spend time and effort to prove to Defendant that they made the payments the Code allowed them to make;

d.   They are exposed to repeated violations of their plans, the contracts created by their plans, the automatic stay, and the discharge injunctions, the protections of which they sought by filing bankruptcy in the first place;

e.   The purported default on their mortgages is reported to various credit reporting agencies, injuring the credit standing which they sought to restore through successful completion of their Chapter 13 plans and depriving them of the "fresh start" intended to

**ORIGINAL COMPLAINT**                                                                 **Page 5**

be afforded by the Code;

f.     They pay amounts to Defendant they do not owe; and

g.     Through the fraudulent foreclosures, they are deprived of their homesteads and their equity in their homes.

15.     GMAC's policies and practices are particularly deceptive, insofar as they involve (1) the intentional concealment of the fact that GMAC has not properly accounted for debtors' bankruptcy plans and payments, (2) the deceptive demands for payment of debts that are not owed but are presented to the debtors as actually owed, and (3) the intentional concealment of added fees and expenses when, in fact, federal bankruptcy law requires GMAC to make application for such fees and expenses to the bankruptcy court.

16.     These policies and practices are not the result of neglect or indifference but are deliberately unfair, oppressive, malicious and unconscionable.  Such misconduct has been documented in this case and other cases throughout the United States.  In formulating and executing these policies, GMAC has shown its complete disrespect and disdain for the Code and its evident belief that it is above the law.

17.     Defendant's motives are purely economic.  Through the policies outlined herein, GMAC has appropriated substantial profits by flouting the requirements of the Code and the Fair Debt Collection Practices Act (the "FDCPA").   Defendant's wrongful conduct is compounded daily by its continued collection and foreclosure efforts.  Upon information and belief, Defendant will continue to engage in such violations without the relief being sought herein.

18.     By this suit, Plaintiffs seek to remedy GMAC's consistent pattern and practice of disregard for federal law and to prevent its wrongful foreclosure of homes of debtors who complied

**ORIGINAL COMPLAINT**                                          **Page 6**

with the terms of their Chapter 13 plans and received a discharge pursuant to the Code.  Individually and on behalf of the entire class, Plaintiffs seek a finding that Defendant's acts are in violation of the automatic stay, the discharge injunctions, the debtors' confirmed Chapter 13 plans, the FDCPA, and constitute an abuse of process, an abuse of the Bankruptcy Code, and an abuse of the bankruptcy courts of this country. Plaintiffs further seek declaratory & injunctive relief; monetary, statutory, actual & punitive damages; reasonable attorneys' fees; a finding of contempt and the issuance of sanctions against GMAC for unlawful collection practices, fraudulent foreclosures, and refusal to abide by the Code and the FDCPA.

## V.  SUMMARY OF THE CLAIMS & CLASS ACTION ALLEGATIONS

19.    GMAC is one of the largest mortgage lenders in the nation.  Through its lending activities, GMAC is and has been a creditor in tens of thousands of consumer bankruptcy proceedings throughout the country.

20.    GMAC participates in Chapter 13 bankruptcies as a secured creditor with real property as security.  The dollar amount of Defendant's debt that has been subject to consumer bankruptcy proceedings under the Code is in the hundreds of millions of dollars.  Defendant's business practices are subject to, among other things, the Code and the FDCPA.

21.    For a number of years, GMAC has engaged in a common course of conduct to ignore the Chapter 13 mandates of the Code by systematically collecting or attempting to collect amounts from Chapter 13 debtors who have cured or who are curing pre-petition and post-petition deficiencies through their confirmed Chapter 13 plans.  As described in more detail herein, all such collections are in direct violation of 11 U.S.C. §§ 1322(a)(1), 1322(b)(5), 1326(c), 1327 & 1328, the automatic stay of 11 U.S.C. § 362, and the discharge injunction of 11 U.S.C. § 524, and constitute an abuse of process.

**ORIGINAL COMPLAINT**                                                                                      **Page 7**

22.     With respect to Chapter 13 debtors who pay their normal monthly payments and their past due deficiencies during the bankruptcy in accordance with their Chapter 13 plans, GMAC does not properly treat such bankruptcy debtors' accounts by bifurcating the claims between the normal monthly payments and the deficiency payments, adjusting interest rates on the deficiency payments, tracking the payments against the plan and court orders, etc.  Such conduct violates the debtors' Chapter 13 plans and constitutes an abuse of process.

23.     GMAC also adds hidden fees and charges to the debtors' accounts without applying to the bankruptcy court for approval.  Instead, GMAC fraudulently declares that the loans are past due or are in default, and demands outrageous sums from the debtors to prevent the imminent foreclosure of their homes.  If the false amounts demanded are not paid, GMAC forecloses on the debtors' homes.

24.     GMAC does this on a consistent basis to debtors who are current on their home mortgages.  Such demands, default notices, foreclosure notices, and foreclosures are patently false or made with such reckless disregard for the truth and the mandates of the Code and the FDCPA as to be unconscionable.

25.     This process of false claims, illegal collection efforts of plan-paid debts and fraudulent foreclosures occurs numerous times throughout the United States at a tremendous and unconscionable cost to unsophisticated consumer debtors, their counsel, the bankruptcy court systems in which they operate, and the rule of law under the Code and the FDCPA.

26.     Indeed, GMAC purposely does not have policies and procedures in place to properly account for Chapter 13 debt payments, including regular mortgage and deficiency payments made through Chapter 13 plans and any stipulations or court decisions affecting GMAC's claims throughout the Chapter 13 bankruptcy process.  GMAC purposely does not have computer systems that properly

modify bankruptcy debts for internal or external accounting purposes. 1

27.     Through its illegal collection attempts of debts that were treated and paid through Chapter 13 bankruptcy proceedings, and its threatened and actual foreclosure of debtors' homes, GMAC has abused and terrorized debtors who invoked the bankruptcy process seeking a fresh start and who performed their duties under the Code through their Chapter 13 plans.

28.     Through its actions, on information and belief, GMAC has wrongfully collected or attempted to collect hundreds of millions of dollars of debt that were actually paid and/or discharged through Chapter 13 bankruptcy proceedings, and have caused hundreds of millions of dollars of damages to debtors and their counsel in responding to GMAC's false claims of delinquency and false claims of amounts owed.

29.     Moreover, on information and belief, GMAC has foreclosed on the homes of hundreds, if not thousands, of former Chapter 13 debtors who received a Chapter 13 discharge and were current on their mortgage payments at the time of foreclosure.

## VI. SPECIFIC ALLEGATIONS AS TO PLAINTIFFS ROBERT AND ANNA CANO

## Year 2000

30.     On January 27, 2000, on information and belief,  Plaintiffs executed and delivered to Nationscredit Financial Services Corporation a promissory note in the principal face amount of $33,000.00.  The interest rate was fixed at 11.35% and the note required the Plaintiffs to pay $433.64

---

[1]  As set forth below, GMAC added post-petition late fees and other unidentified fees to the debtors' account, and GMAC sent mortgage statements, demand and default letters to the debtors indicating that they would be responsible for "escrow payments," "late charges," "unpaid amounts" and "other."  Also as set forth below, GMAC sent numerous demands to the debtors for extremely large sums that did not reflect actual post-petition defaults.  Thus, the amounts demanded by GMAC must have included (1) pre-petition debt and/or (2) post-petition fees and/or charges.  Plaintiffs bring this action because GMAC sent numerous demands to the Plaintiffs both before and after their Chapter 13 bankruptcy discharge seeking extremely large, incomprehensible sums that were never explained, and, in any event, did not reflect actual defaults. Plaintiffs will establish the makeup of the large dollar amounts claimed by GMAC through discovery in this case.

per month.  The note was secured by a Texas Home Equity Security Instrument (First Lien) also dated

January 27, 2000.  (Ex. A - Texas Home Equity Security Instrument).

**Year 2002**

31.     On February 4, 2002, the servicing of the note was assigned, sold, or transferred to

Fairbanks Capital Corporation.

32.     The Canos experienced many difficulties with Fairbanks.  Fairbanks stated that the loan

was in default, even though the Canos did not believe they were behind in their payments.

33.     Fairbanks began foreclosure proceedings.  In order to prevent the foreclosure, Plaintiffs

filed a Chapter 13 bankruptcy proceeding in the Southern District of Texas, McAllen Division, on

August 14, 2002, Case No. 02-70359-M.

**Year 2003**

34.     On February 20, 2003, the Court entered an order confirming the debtors' Chapter 13

plan.  (Ex. B - Order Confirming Plan).  The clerk served the order confirming the plan on Fairbanks

and Mary Daffin at Barrett, Burke.

35.     Servicing of the account was transferred to GMAC Mortgage in October of 2003.

**Year 2004**

36.     On May 13, 2004, GMAC, through Barrett Burke, filed a Motion for Relief from Stay,

but then withdrew it. (Ex. C - Motion for Relief from Stay; Ex. D - Notice of Withdrawal).

37.     On June 21, 2004, Debtors filed a motion to modify their confirmed plan.  The plan

provided that any payment arrears to the Chapter 13 Trustee were deemed cured, and that the Trustee

would pay GMAC $9,634.03 for pre-petition and post-petition arrearages, escrow shortages, and

attorneys' fees.  The plan also provided that the Trustee would pay the regular, on-going mortgage

**ORIGINAL COMPLAINT**                                                                                    **Page 10**

payment in the amount of $433.64 per month to GMAC for the remainder of the plan. (Ex. E - Third

Amended First Motion to Modify a Confirmed Plan). The plan was served on Barrett Burke.

38.     On July 22, 2004, the Court entered an order modifying the Debtors' chapter 13 plan as

proposed. (Ex.F - Order Approving Modification of Plan).

**Year 2005**

39.     On  February 17, 2005, GMAC, through Barrett Burke, filed a motion for relief from

stay.  In such motion, GMAC asserted that the Debtors failed to pay 2003 taxes in the amount of

$926.77 and 2004 taxes in the amount of $653.94, and that GMAC had paid such taxes in the amount

of $1,580.71 for 2003 and 2004.  Barrett, Burke also asked for attorneys' fees and costs. (Ex. G -

Motion to Lift Stay).

40.  On March 15, 2005, the Debtor responded, stating that although the Canos were behind on

their taxes, they had already set up a plan to pay the taxes, and that they had insurance on the home.

Further, the Debtors alleged that GMAC had not, in fact, paid the taxes.  (Ex. H - Debtor's Response to

Motion of GMAC for Relief from Stay).

41.     On  June 15, 2005, the Court entered an agreed order resolving the motion.  The order

maintained the status quo and required the debtors to provide proof of payment of the taxes and

insurance.  The order did not provide for any attorneys' fees for GMAC.  (Ex. I - Agreed Order Total

Debt).

42.     Thus, as of June 15, 2005:

      •      The Debtors were current on their monthly plan payments;

      •      The Debtors were current on their taxes and insurance;

      •      The chapter 13 Trustee was continuing to pay to GMAC the pre- and post-

**ORIGINAL COMPLAINT**                                                                    **Page 11**

petition deficiency of $9,634.03 through the plan; and

- The Chapter 13 Trustee was also paying to GMAC the debtors' current monthly mortgage payment of $433.64.

43.     On July 22, 2005, Barret Burke, on behalf of GMAC, filed an amended proof of claim in the amount of $36,179.16.  (Ex. J - GMAC Amended Proof of Claim).   The proof of claim had an attachment that stated:

**Mortgage Information**

Current Principal Balance $29,925.27

Regular Monthly Payment Amount $0.00  Current Interest Rate 11.35%

Regular Monthly Payment Amount $  Current Interest Rate 11.35%

| | | |
|---|---|---|
| Is this a variable interest loan? | ___ YES | _X_ NO |

If yes, date of next adjustment

| | | |
|---|---|---|
| Are Property taxes included in the monthly payment? | _X_ YES | ___ NO |
| Is insurance included in the monthly payment? | _X_ YES | ___ NO |
| Is the loan due in full and payable in less than 5 years? | ___ YES | _X_ NO |

If yes, due date

Arreage Calculation

Late Fees of    $0.00   per month

Escrow shortage:        tax amt  $0.00        insur.amt  $0.00     =     $570.02

| | |
|---|---|
| Inspection Fees | $0.00 |
| NSF Fees | $0.00 |
| Uncoll. Late Charges | $141.80 |
| Post-Petition Bnk. AttyFees | $0.00 |
| Foreclosure Atty. Fees | $0.00 |
| Accrued Late Charges | $0.00 |
| Principal Balance | $29,925.57 |

**ORIGINAL COMPLAINT**                                                                 **Page 12**

| | | |
|---|---|---|
| Interest through 7/15/05 | | $2,120.93 |
| Statement Fee | | $20.00 |
| Recording Fee | | $14.00 |

| | |
|---|---|
| Total Other Charges = | $36, 179.16 |
| Total Unpaid Monthly Amount of payments | $    0.00 |
| Subtotal = | $32,792.32 |
| Held in Suspense= | $0.00 |
| Total arrearage amount to be cured in plan | $36,179.16 |

*Creditor must notice Trustee of any and all changes to montly [sic] mortgage payment.***

44.     This proof of claim was patently false when filed.[2]   The amounts do not even add up to $36,179.16, and such amount is $3000 more than the original principal balance of the loan.  Moreover, the debtors were current as of June 15, 2005, and GMAC had not sent any notice of default pursuant to the terms of the June 15, 2005 Agreed Order.

**Years 2006 - 2008**

45.     In the interim, and throughout the bankruptcy, both Fairbanks and GMAC sent statements showing large "past due" or "unpaid" amounts, fees and expenses.  (Ex. K). Each such statement claimed amounts not owed and each were a violation of the automatic stay and the FDCPA.

46.     On or around  January 10, 2008, the Debtors' former counsel sent a letter to GMAC stating, in relevant part, as follows:

"I have enclosed a copy of the statement your company sent to Mr. and Ms. Cano for the November, 2007 payment.  I noticed that there are "Other" charges of $3,931.84.  Mr. and Mrs.

---

[2]    First of all, $0.00 + $0.00 does not equal $570.02.  Second, any pre- or post-petition escrow shortage was being paid through the plan, as amended, so no "escrow shortage" should have been listed.  Third, the "interest through 7/15/05" does not make sense.  The Chapter 13 Trustee was paying interest on both the principal and the deficiency.  Per the Bankruptcy Code and court orders, there should not have been $2,120.93 in interest.  Finally, the numbers on the page add up to $32,792.32, not $36,179.16 as claimed.  Such amount was over $3,000.00 more than the original note amount.

**ORIGINAL COMPLAINT**                                                                                   **Page 13**

Cano are wondering what those "Other" charges are for, since they are in bankruptcy" . . . "and all of the arrearage debt has been paid in full by the Chapter 13 Trustee, Ms. Cindy Boudloche. Please tell us what those charges are for, and why they were not filed with the U.S. Bankruptcy Court."

(Ex. L)

47.    On January 11, 2008 the Trustee filed a Motion For An Order Declaring Real Estate Mortgage Current and Directing Debtor to Resume Monthly Mortgage Payments.

48.    In such motion, the Trustee stated:

•    The Debtors had completed all plan payments;

•    The Trustee had paid all monthly mortgage payments due during the plan, and further paid all arrearages, interest, costs, escrow shortages, attorney fees and other expenses, as set forth in any original or amended proof of claim filed by GMAC;

•    The Trustee had provided GMAC with written notice of completion of the Debtors' plan and payment in full of all amounts set out above;

•    The Debtors' mortgage is current through the month of August 2007.

Ex. M)

49.    In that motion, the Trustee sought an order directing the GMAC to adjust its books and records to reflect that the Debtors had paid *all amounts due* under their mortgage during the life of the Plan, declaring the mortgage current through the month of August 2007, and directing the Debtors to resume making *regular* monthly payments beginning with the payment due on September 2007.  Such motion was served on Barrett Burke and on GMAC at GMAC's address at the Horsham, Pennsylvania address.   The motion allowed 20 days for an objection, but GMAC made no objection to the Trustee's motion.  Id.

50.    On February 4, 2008, the Court entered an order finding that the debtors had paid all arrearages, interest, costs, escrow shortages, and other expenses set forth in the original and any

**ORIGINAL COMPLAINT**                                                                                   **Page 14**

amended proof of claim or written notice filed by GMAC, its predecessors or assignees, and that the Debtor's mortgage was current through and including the payment due for the month of August 2007. As such, the order directed GMAC to adjust its books and records to reflect that the Debtors had paid *all amounts due* under their mortgage during the life of the Plan, including arrearages, interest, costs, escrow shortages, and expenses set forth in the original and any amended proof of claim or written notice filed by GMAC, its predecessors or assignees, and ordered the Debtors to resume making *regular* monthly payments directly to GMAC beginning with the payment due for September, 2007. (Ex. N - Order Declaring Real Estate Mortgage Current and Directing Debtor to Resume Payments).

51.    In the meantime, the Canos began paying GMAC directly. (Ex. O).

52.    On February 21, 2008, the Chapter 13 Trustee filed a report showing all the regular monthly mortgage payments she made to GMAC.  (Ex. P - Trustee's Periodic Report to Debtor and Mortgage Claimant and Notice of Bar Date for Asserting Claim for Post-Petition Charges Accruing on Residential Mortgage).  The notice showed the Chapter 13 Trustee had paid $19,080.16 in regular mortgage payments to GMAC during the life of the plan.  In addition, the report stated:

> If you are the creditor holding a claim described in this report, you have 60 days after the receipt to make a claim for late charges, attorney's fees or any other charges authorized by your agreement with the Debtor.  If additional charges have accrued during the above referenced period, you may file a supplemental proof of claim that clearly itemizes and identifies the charges asserted.  **Any such claim not filed within 60 days will be BARRED**.

> According to the Truestee's records, the current monthly mortgage payment is $433.64.  **Written notice of changes in the montly payment must be provided to the Trustee, the debtor and Debtor's counsel 45 days prior to the effective date of the mortgage payment changes.**

Id. (emphasis in original).  The Report was served on GMAC.  Id.

53.    On February 26, 2008, the Court granted a discharge to the Debtors. (Ex.Q -

**ORIGINAL COMPLAINT**                                                                                       **Page 15**

Discharge of Debtor(s)).

54.      GMAC did not file an amended proof of claim within either of the 60-day time periods set forth in the Chapter 13 Trustee's motion and report, or send notice of an increase in the monthly payment amount.  Instead, on March 18, 2008, GMAC sent the Canos a "GMAC Mortgage Account Statement" showing an "Unpaid Amount" due of $1,428.21, "Late Charges" due of $19.86, and something referred to as "Other" due in the amount of $4,016.84.  (Ex.R).   The statement indicates that a total payment of $5,936.71 was due.

55.      On April 3, 2008, GMAC sent the Canos an account statement showing a "Principal and Interest" payment due of $348.52, an "Escrow" payment due of $123.28, an "Unpaid Amount" of $1,423.94 due, "Late Charges" of $19.86 due, and something referred to as "Other" due in the amount of $4,016.84.  (Ex. S).   The statement indicated that a payment of $5,932.44 was due.

56.      And on May 6, 2008, GMAC sent the Canos a notice of intent to accelerate, stating that the Canos owed $5,193.57, and if such amount was not paid in 30 days, GMAC would accelerate and foreclose.  (Ex. T).  Each of these pieces of correspondence violated the discharge injunction, the plans, the orders confirming the plans, and each was a violation of the FDCPA.

## VI.  CLASS ACTION ALLEGATIONS

57.      Because GMAC's wrongful conduct is widespread and uniform, Plaintiff would show the Court that this case should be certified for class action treatment pursuant to Rule 23(a) and 23(b)(3), Fed. R. Civ. P.

58.      The class the Canos seeks to represent consists of:

> All residential mortgage customers of GMAC in the United States who filed a Chapter 13 bankruptcy proceeding prior to October 16, 2005 and

**ORIGINAL COMPLAINT**                                                                           **Page 16**

received a Chapter 13 discharge but to whom GMAC nonetheless
represented that their mortgage was in arrears or that they owed any
interest, fees, charges or expenses not specifically approved by an order of
a United States Bankruptcy Court.

59.     The class is so numerous, numbering in the tens of thousands of members, with

class members throughout the country, that joinder of all class members is impracticable.  A class

action is the only feasible method of adjudicating the rights of the affected borrowers, and, absent

allowance of certification of a class action, a failure of justice will result.

60.     The Plaintiffs' claims are likewise typical of those of the un-named class members.

The Canos have been subjected to the identical misconduct as the members of the proposed class.

They seek identical remedies for themselves and the absent class members.

61.     The Canos will fairly and adequately protect the interests of all class members and

in the administration of all matters relating to claims stated herein. Moreover, they are prepared

and willing to obtain redress of the wrongs committed by Defendant and will adequately protect

the interests of the class.

62.     To that end, the Canos have retained capable counsel experienced in bankruptcy

matters, federal consumer law and complex consumer & commercial class-action litigation.

Neither the Plaintiffs nor their counsel have any conflicts that would interfere with the vigorous

prosecution of this action.

63.     The questions of law and fact common to all class members which predominate

over those pertaining to individual class members only include, but are not limited to, whether

GMAC engaged and engages in the policies and practices complained of and whether such actions

violate the Code and the FDCPA provisions as alleged herein.

64.     A class action is superior to other available methods for the fair and efficient

**ORIGINAL COMPLAINT**                                                                                     **Page 17**

adjudication of this controversy in that (a) the class necessarily consists of persons in unfavorable economic circumstances who are not able to pay to maintain individual actions against Defendant, (b) many class members lack the sophistication to recognize that Defendant's payment demands are unlawful and to retain counsel, (c) many class members have acceded or will accede to Defendant's unlawful demands and pay Defendant for fear of losing their homes, even if they do realize they are being subjected to unlawful payment demands, and (d) there is no reason that the bankruptcy courts should be burdened with multiple lawsuits challenging Defendant's practices.

65.     Finally, the Canos would show the Court that GMAC, in pursuing the procedures challenged herein, has acted and refused to act on grounds generally applicable to the class as a whole.

66.     The questions of law and fact common to all class members which predominate over those pertaining to individual class members only include, but are not limited to, whether Defendant GMAC engaged and engages in the policies and practices complained of and whether Defendant violated and violates the Bankruptcy Code provisions as alleged herein.

## VII. CAUSES OF ACTION

### 1.     VIOLATIONS OF CHAPTER 13 PLANS AND THE CODE

67.     Title 11 U.S.C. § 1322(b)(5) allows a Chapter 13 debtor to cure deficiencies and maintain regular monthly mortgage payments.  By failing to properly account for the regular mortgage payments and deficiency payments provided for in the debtors' confirmed Chapter 13 plan and orders of the court, GMAC violated the Plaintiffs' plans, the orders confirming the plans and 11 U.S.C. §§ 1322(a)(1), 1322(b)(5), 1326(c) and 1327(a).

68.     Likewise, by seeking to collect pre-petition deficiency amounts which were being

paid pursuant to the Chapter 13 plans, GMAC violated the Plaintiffs' plans, the orders confirming the plans and 11 U.S.C. §§ 1322(a)(1), 1322(b)(5) 1326(c), 1327(a) and 362(a)(1) and (3) - (6).

69.     To the extent GMAC's actions were made against debtors that had received a discharge, GMAC also violated 11 U.S.C. §§ 524 and 1328.

70.     Title 11 U.S.C. § 105(a) of the Code grants power to the Court to remedy Defendant' violations of numerous sections of Chapter 13.  Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code provisions, including the granting of sanctions for contempt, the granting of monetary relief for actual and statutory damages, punitive damages, attorneys' fees and costs, and the imposition of temporary and permanent injunctions.

71.     GMAC's acts were willful violations of the Plaintiff's and class members' plans, the orders confirming the plans and provisions of Chapter 13 of the Code.  GMAC knew of the existence of these provisions, its acts were intentional, and the acts alleged herein violated the provisions of the Code set forth herein.

72.     As a direct and proximate result of GMAC's violations and willful violations of the plans, the orders confirming the plans and Chapter 13 and other provisions of the Code, Plaintiffs and class members have been damaged in an amount to be proven at the time of trial.

73.     Plaintiffs and members of the class seek actual damages, including attorneys' fees and costs, sanctions and punitive damages for Defendant's violations of 11 U.S.C. §§ 1322(a)(1), 1322(b)(5), 1326(c), 1327(a), and 1328 pursuant to 11 U.S.C. §§ 105 and 362(k).

**ORIGINAL COMPLAINT**                                                                 **Page 19**

## 2. <u>BREACH OF CONTRACT FORMED BY PLANS</u>

74.      Title 11 U.S.C. § 1322(b)(5) of the Code allows a Chapter 13 debtor to cure deficiencies and maintain regular monthly mortgage payments.  By failing to properly account for the regular mortgage payments and deficiency payments provided for in the debtors' confirmed Chapter 13 plan and orders of the court, GMAC violated the Plaintiff's and class members' plans, the orders confirming the plans, 11 U.S.C. §§ 1322(a)(1), 1322(b)(5), 1326(c) and 1327(a), and breached the contracts formed upon confirmation of the plans.

75.      By seeking to collect pre-petition deficiency amounts or other amounts which were being paid pursuant to the Chapter 13 plans, GMAC violated the Plaintiffs' and class members' plans and the orders confirming the plans; 11 U.S.C. §§ 1322(a)(1), 1322(b)(5) 1326(c), 1327(a); and the contracts formed upon confirmation of such plans.

76.      As a direct and proximate result of GMAC's violations and willful violations of the plans, the orders confirming the plans and chapter 13 provisions of the Code, Plaintiff and class members have been damaged in an amount to be proven at the time of trial.

77.      Defendant's acts constitute breach of plan contract for which Plaintiffs and the class are entitled to actual and consequential damages, costs and attorneys' fees.

### 3. ASSESSMENT AND COLLECTION OF UNAPPROVED FEES <br><u>AND COSTS IN VIOLATION OF THE CODE AND BANKRUPTCY RULE 2016(a)</u>

78.      As set forth above, post-petition, GMAC charged debtors' accounts for bankruptcy attorney's fees and other fees and charges, including but not limited to any fees or charges for preparing and/or filing proofs of claim, motions to lift stay, etc.

79.      Such fees are per se unreasonable in that GMAC wholly failed to seek the approval of the Bankruptcy Court as required pre-confirmation by § 506(b) of the Code and Bankruptcy Rule

**ORIGINAL COMPLAINT**                                                                                                    **Page 20**

2016(a), and post-confirmation by Bankruptcy Rule 2016(a).

80.    GMAC's assessment and collection or attempted collection of such unapproved fees and charges, whether during or after the bankruptcy proceeding, violates the Code.

81.    With respect to any unapproved fees collected directly from the Plaintiffs and class members either through payment or foreclosure, the Court can order disgorgement and other relief.

82.    With respect to any unapproved fees that GMAC collected by applying plan or Trustee payments to such fees, rather than to the plan and deficiency payments as set forth in the plans, the Court can order disgorgement and other relief.

83.    With respect to any unapproved fees GMAC sought to collect, such charges were treated as receivables from the debtors and were imposed in violation of Rule 2016(a).  As such, the Court can provide relief.

84.    Title 11 U.S.C. § 105 of the Code grants power to the Court to remedy Defendant's violations of § 506(b) of the Code and Bankruptcy Rule 2016(a).   Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code including the granting of sanctions for contempt, injunctive relief, monetary relief for actual damages, attorneys' fees and punitive damages.

85.    As a direct and proximate result of GMAC's violations, Plaintiff and the class members have been damaged in an amount to be proven at the time of trial.

86.    Plaintiffs and members of the class seek actual damages, including credits for and/or disgorgement of unapproved fees and costs, sanctions and punitive damages, and payment of attorneys' fees and costs for Defendant's violations of 11 U.S.C. §§ 506(b) and Bankruptcy Rule 2016(a).

**ORIGINAL COMPLAINT**                                                                 **Page 21**

### 4.  BREACH OF CHAPTER 13 PLANS & BREACH OF CONTRACT
### FOR COLLECTION OF UNAPPROVED FEES AND COSTS

87.      As set forth above, post-petition, Defendant charged debtors' accounts for bankruptcy attorney's fees and other fees or charges, including but not limited to fees and charges for preparing and/or filing proofs of claim, motions to lift stay, etc.

88.      Defendant failed to seek approval of such fees and costs as reasonable from the Bankruptcy Court, as required pre-confirmation by § 506(b) of the Bankruptcy Code and Bankruptcy Rule 2016(a), and post-confirmation by Bankruptcy Rule 2016(a).  As such, the unapproved fees are per se unreasonable.

89.       GMAC's assessment and collection or attempted collection of such unapproved fees and charges, whether during or after the bankruptcy proceeding, violate the Plaintiffs' and class members' Chapter 13 plans and are in breach of the contracts formed by the plans. With respect to any unapproved fees collected directly from the Plaintiffs and class members either through payment or foreclosure, the Court can order disgorgement and other relief.

90.      With respect to any unapproved fees that GMAC collected by applying plan or Trustee payments to such fees, rather than to the plan and deficiency payments as set forth in the plans, such conduct constitutes breach of the Plaintiff's Chapter 13 plans and the orders confirming such plans, and the Court can order disgorgement and other relief.

91.      With respect to any unapproved fees GMAC sought to collect, such charges were  treated as receivables from the debtors and were imposed in violation of Rule 2016(a).  As such, GMAC's actions were in breach of the Plaintiffs' and class members' Chapter 13 plans and the contracts formed thereby, and the Court can provide relief.

92.      Section 105 of the Bankruptcy Code grants power to the Court to remedy

**ORIGINAL COMPLAINT**                                                                    **Page 22**

Defendant's violations of § 506 of the Code, Bankruptcy Rule 2016 and the Plaintiffs' and class members' plans by imposing sanctions for contempt, and/or granting injunctive relief, monetary actual damages, attorneys' fees, costs and punitive damages.

93.      As a direct and proximate result of GMAC's violations, Plaintiffs and the class members have been damaged in an amount to be proven at the time of trial.

94.      Therefore, Plaintiffs and the members of the class seek actual damages, including credits for and/or disgorgement of unapproved fees and costs, sanctions and punitive damages, and payment of Plaintiffs' attorneys' fees and costs for Defendant's violations of 11 U.S.C. §§ 506, Bankruptcy Rule 2016, the Plaintiffs' and class members' plans and the contracts formed thereby.

## 5.   WILLFUL VIOLATIONS OF THE AUTOMATIC STAY

95.      The automatic stay of 11 U.S.C. § 362 prohibits creditors from collecting pre-petition debts from bankrupt debtors.  The automatic stay acts as a "self-executing injunction" upon the filing of a petition in bankruptcy.

96.      By repeatedly seeking to collect pre-petition deficiency amounts or other pre-petition amounts that were in fact being paid pursuant to the debtors' Chapter 13 plans, GMAC willfully violated the automatic stay of 11 U.S.C. §§ 362(a)(1) and (3) - (6).

97.      As set forth above, post-petition, Defendant charged debtors' accounts for bankruptcy attorney's fees and other fees or charges, including but not limited to any fees or charges for preparing and/or filing proofs of claim, motions to lift stay, etc.

98.      Defendant failed to seek approval of such fees and costs as reasonable from the Bankruptcy Court, as required pre-confirmation by § 506(b) of the Code and Bankruptcy Rule 2016, and post-confirmation by Rule 2016(a).  As such, the unapproved fees are per se

**ORIGINAL COMPLAINT**                                                                                   **Page 23**

unreasonable and GMAC's attempted collection or actual collection of them is in violation of the automatic stay.

99.     With respect to any unapproved fees that GMAC collected by applying plan or Trustee payments to such fees, rather than to the plan and deficiency payments as set forth in the plans, such conduct is in violation of the automatic stay.

100.     With respect to any unapproved fees GMAC sought to collect, such charges were treated as receivables from the debtors and were imposed in violation of Rule 2016(a).  As such, GMAC's actions are in violation of the automatic stay.

101.     Through these actions, GMAC violated 11 U.S.C. §§ 362(a)(1) and (3) - (6) of the Code.

102.     Defendant's acts were willful violations of the automatic stay.  GMAC knew of the existence of the stay, its acts were intentional, and the acts alleged herein violated the automatic stay.

103.     As a direct and proximate result of GMAC's violations and willful violations of § 362 of the Code, Plaintiff and class members have been damaged in an amount to be proven at the time of trial.  Plaintiffs and members of the classes are entitled to actual damages, including attorneys' fees and costs, punitive damages and sanctions under and pursuant to 11 U.S.C. § 362(k) and § 105(a) for Defendant's violations of the automatic stay.

### 6. WILLFUL VIOLATIONS OF THE DISCHARGE INJUNCTION PROVISIONS OF 11 U.S.C. §§ 524 and 1328

104.     Title 11 U.S.C. § 524 of the Code prohibits creditors from collecting discharged debts after the issuance of a discharge injunction.

105.     As demonstrated above, GMAC collected debts that have been treated through

**ORIGINAL COMPLAINT**                                                                                          **Page 24**

debtors' Chapter 13 plans and discharged, including collection through the foreclosure of former debtors' homes, even though such homeowners are current on their mortgages as provided by the provisions of the Code.

106.    Moreover, Defendant have a pattern or practice of collecting such debts.

107.    By attempting collection of and collecting discharged debts from debtors after the issuance of the discharge injunction upon completion of Chapter 13 plans, through payment or foreclosure, Defendant have willfully violated § 524 of the Code.

108.    As demonstrated in the preceding paragraphs, Defendant has violated the discharge injunction by collecting bankruptcy fees, bankruptcy attorney's fees or other such fees or charges, including but not limited to fees or charges for preparing and/or filing proofs of claim, motions to lift stay and late charges, after discharge has been granted, without the specific approval of the bankruptcy court.

109.    Moreover, Defendant has engaged in a pattern or practice of collecting such attorney's fees and other fees from bankrupt debtors in violation of the Code's discharge injunction.

110.    By attempting to collect attorney's fees and other types of fees and charges from debtors during the pendency of the discharge injunction, Defendant has willfully violated § 524 of the Code.

111.    As a direct and proximate result of Defendant's violations and willful violations of § 524 of the Code, Plaintiff and class members have been damaged in an amount to be proven at the time of trial.  In addition to actual damages, Plaintiff and class members are entitled to punitive damages and attorney's fees under § 105 of the Code.

**ORIGINAL COMPLAINT**                                                                                              **Page 25**

7.  **CONTEMPT, ABUSE OF PROCESS, AND RELIEF PURSUANT TO 11 U.S.C. § 105(a)**

112.    As outlined in the preceding counts and the preceding factual allegations, the Defendant has violated and breached Plaintiffs' and the class members' Chapter 13 plans, and violated 11 U.S.C. §§ 362, 506, 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327(a) and 1328 of the Code and Bankruptcy Rule 2016(a).

113.    Defendant's violations constitute an abuse of the Bankruptcy Code, the federal bankruptcy court system, and abuse of process in general.  Defendant's violations can be remedied by the specific Code sections violated as well as under and pursuant to 11 U.S.C. § 105(a).

114.    Defendant is a corporation actively engaged in lending monies and collecting monies on a nationwide scale.  Defendant is a sophisticated creditor and mortgage servicer. Defendant knows about and is legally obligated to comply with the Chapter 13 plans, the orders confirming such plans, the provisions of 11 U.S.C. §§ 362, 506, 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327(a) & 1328 of the Code, and Bankruptcy Rule 2016(a).

115.    As a direct and proximate result of Defendant's violations, abuse of process, and willful breach of the Chapter 13 plans and the orders confirming such plans, violations of §§ 362, 506, 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327(a) and 1328 of the Code and Bankruptcy Rule 2016(a), Plaintiffs and class members have been damaged in an amount to be proven at the time of trial.

116.    Plaintiffs and the class ask this Court to find Defendant in contempt pursuant to 11 U.S.C. § 105(a) due to its repeated wrongful collection of mortgages brought current pursuant to the Bankruptcy Code and its collection of unapproved attorney's fees and expenses in violation of the automatic stay, the discharge injunction, Chapter 13 plans and the Code.  Based upon such finding, Plaintiff seeks an award of actual damages, sanctions, punitive damages, attorneys' fees and costs.

## 8.  REQUEST FOR DECLARATORY RELIEF

117.    As outlined in the preceding counts and the preceding factual allegations, the Defendant has violated §§ 362, 506, 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327(a) & 1328 of the Code and Bankruptcy Rule 2016(a).  Plaintiffs seek a declaration that Defendant's collection or attempted collection of undisclosed, unapproved post-petition, pre-confirmation fees and expenses are per se unreasonable and that such actions violate 11 U.S.C. § 506(b), Bankruptcy Rule 2016(a) and the Plaintiffs' and class members' plans.

118.    Plaintiff and the plaintiff class further seek a declaration that Defendant's conduct constitutes an abuse of process, and that such conduct violated and violates §§ 362, 506, 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327(a) & 1328 of the Code, Bankruptcy Rule 2016(a), and the FDCPA.

## 9.  REQUEST FOR INJUNCTIVE RELIEF

119.    Title 11 U.S.C. § 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code provisions, including the imposition of temporary and permanent injunctions.

120.    As a direct and proximate result of GMAC's violations and willful violations of the plans, the orders confirming the plans and Chapter 13 and other provisions of the Code, Plaintiffs and the class members have been damaged in an amount to be proven at the time of trial.

121.    Unless restrained, GMAC will, in all likelihood, continue to violate federal law by implementing the policies and procedures described herein.  As a result, Plaintiffs and the class seek a permanent injunction to enjoin further violations of the law by GMAC.

## 10.  ACTUAL, PUNITIVE & STATUTORY DAMAGES

122.    Through the conduct described herein, GMAC has inflicted actual damages upon

Plaintiffs and the absent class members by collecting from them enormous amounts not owed under the law.   Such amounts should be disgorged from Defendant and returned to the debtors from which they were wrongfully taken.

123.    Moreover, the Plaintiffs have been forced to retain legal counsel and have incurred reasonable and necessary attorneys' fees on their own behalf and that of the class.  Such fees are properly taxed against GMAC by virtue of its flagrant abuse of the bankruptcy process and violation of 11 U.S.C. §§ 362, 506, 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327(a) & 1328 of the Code, Bankruptcy Rule 2016(a), Plaintiffs' reorganization plans, and the FDCPA.

124.    Plaintiffs further seek imposition of all available statutory penalties, sanctions and punitive damages in an amount sufficient to deter Defendant from future misconduct.

### 11.  <u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

125.    GMAC is a debt collector as defined in 15 U.S.C. § 1692a.

126.    The Canos and the class members are consumers as defined in 15 U.S.C. § 1692a.

127.    Through the conduct described herein, GMAC has violated the FDCPA by

     a.    falsely representing the character, amount and legal status of the debt;

     b.    falsely representing that non-payment of the debt would result in seizure, attachment or sale of property when in fact such seizure, attachment or sale would not have been legal;

     c.    Threatening to take action that could not legally be taken or which it never intended to take;

     d.    Communicating and threatening to communicate to third parties personal credit information which it knew or should have known to be false including

failing to communicate that the debt is in dispute; and

e       Using false representations and deceptive means to collect or attempt to

collect the debts in question.

See 15 U.S.C. § 1692e(2)(A), (4), (5), (8) and (10).

128.    Further, the conduct of GMAC described herein constitutes unfair and

unconscionable means to collect debts in violation of 15 U.S.C. § 1692f.  In particular, GMAC

has

a.      Collected amounts (including interest, fees, charges and expenses incidental

to the principal obligation) that are not expressly authorized by the

agreement creating the debt or permitted by law; and

b.      Taken and threatened to take non-judicial action to effect dispossession of

property when (1) it had no present right to possession of the property

claimed as collateral; (2) it had no present intent to take possession of the

property and/or (3) the property is exempt by law from such dispossession.

See 15 U.S.C. § 1692f and § 1692f (1), (6).  In addition, GMAC's use and abuse of the Bankruptcy

Code to collect amounts not due constitutes an unfair and unconscionable means of collecting

debt.

129.    As a direct and proximate result of GMAC's violations of the FDCPA, Plaintiff and

class members have been damaged in an amount to be proven at the time of trial.

130.    Plaintiff and the class members are entitled to and seek actual damages, statutory

damages and attorneys' fees as provided in 15 U.S.C. § 1692k.

**ORIGINAL COMPLAINT**                                                                                              **Page 29**

## 12.  ATTORNEYS' FEES

131.    As outlined in the preceding counts and the preceding factual allegations, the Defendant has violated Sections 362, 506, 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327(a) and 1328 of the Bankruptcy Code, and Bankruptcy Rule 2016(a), and has violated and breached Plaintiffs' and the class members' plans.

132.    Defendant's violations can be remedied by the specific Code section violated as well as under and pursuant to Section 105.

133.    As a result of the actions of Defendant, Plaintiffs and the Plaintiff Class have retained attorneys.

134.    Plaintiffs and class members are entitled to attorney's fees pursuant to 11 U.S.C. §§ 105, 362(k) and other sections cited herein for this action an any appeals taken in this action.

135.    Plaintiffs and the class members are entitled to attorneys' fees pursuant to § 38:001 of the Texas Civil Practice and Remedies Code.

## PRAYER

WHEREFORE, Plaintiffs request that this Court grant the following relief in favor of Plaintiffs and the members of the class:

a)    Issuing a preliminary injunction, if necessary, enjoining Defendant from foreclosing on Plaintiff's and for the sub-class members' property during the pendency of this action;

b)    Issuing of a declaratory judgment declaring that Defendant's conduct violates  11 U.S.C. §§ 362, 506, 524, 1322(a)(1), 1322(b)(5), 1326(c), 1327(a) and 1328 of the Bankruptcy Code, and Bankruptcy Rule 2016(a);

c)    Enjoining Defendant from engaging in debt collection practices and foreclosures that are in violation of provisions of the Bankruptcy Code;

ORIGINAL COMPLAINT                                                                                          Page 30

d)      Awarding Plaintiffs and class members compensatory damages, including disgorgement, restitution and attorneys' fees and costs, and/or punitive damages and sanctions, for Defendant's  collection and attempted collection of unapproved attorney's fees  and other  fees in violation of Section 506 and Bankruptcy Rule 2016(a);

e)      Awarding Plaintiffs and class members compensatory damages, including attorneys' fees and costs, and/or punitive damages or sanctions, for illegal collection and attempted collection of prepetititon debts and other debts that were treated and are being treated through debtors' Chapter 13 plans;

f)      Awarding Plaintiffs and class members pre-judgment and post-judgment interest, as well as reasonable attorneys' fees, expert witnesses' fees, disbursements, accounting, class costs and other costs of litigation;

g)      Finding the Defendant in contempt under 11 U.S.C. § 105 for abuse of process and of the statutorily-mandated Bankruptcy Code sections applicable to each class member, and awarding Plaintiffs and class members appropriate relief including attorneys' fees and costs, sanctions,  and other such relief deemed appropriate by this Court;

h)      Restraining Defendant from collecting or attempting to collect pre-petition debts and other amounts in violation of the temporary and permanent injunctions of 11 U.S.C. §§ 362 and 524 that are at issue in this litigation; and

i)      Awarding such other relief as this Court may deem just and proper.


Dated: May 19, 2008.


**ORIGINAL COMPLAINT**                                                                 **Page 31**

Respectfully submitted,

THE KELLETT LAW FIRM,
A PROFESSIONAL CORPORATION

By:  /s/ Karen L. Kellett
      Karen L. Kellett
      State Bar No. 11199520

Founders Square
900 Jackson Street, Suite 120
Dallas, TX 75202
(214) 292-3660 - Telephone
(214) 744-3666 - Telecopy

THE STONE LAW FIRM, P.C.

Ellen C. Stone
State Bar No. 19305000
62 E. Price Road
Brownsville, TX 78520
(956) 546-9398 - Telephone
(956) 542-1478 - Telecopy

Antonio Martinez, Jr.
State Bar No. 24007607
4900 North Tenth Street, Suite E-2
McAllen, TX 78504
(956) 630-2822 - Telephone
(956) 631-0742 - Telecopy

ATTORNEYS FOR PLAINTIFFS
ANNA CANO and ROBERT CANO, JR.