02-1263-990 81252

After Recording Please Return To:

NATIONSCREDIT FINANCIAL SERVICES CORPORATION
Company Name

Name of Natural Person
225 EAST JOHN CARPENTER FREEWAY #600
Street Address
IRVING, TEXAS 75062
City, State  ZIP

847063

_____ [Space Above This Line for Recording Data] _____

**THIS SECURITY INSTRUMENT SECURES AN EXTENSION OF CREDIT DEFINED BY
SECTION 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION.**

# TEXAS HOME EQUITY SECURITY INSTRUMENT
## (First Lien)

**This Security Instrument is not intended to finance Borrower's acquisition of the Property**

THIS SECURITY INSTRUMENT is made on    January 27, 2000
The grantor is  ANNA M. CANO and ROBERT CANO JR., WIFE AND HUSBAND

("Borrower"). The trustee is CHARLES S. BROWN

whose address is 2425 E. SOUTHLAKE BOULEVARD, #150, SOUTHLAKE, TEXAS 76092 ("Trustee").
The beneficiary is NATIONSCREDIT FINANCIAL SERVICES CORPORATION

which is organized and existing under the laws of THE STATE OF TEXAS, and whose address is 225 EAST JOHN
CARPENTER FREEWAY, SUITE 600, IRVING, TEXAS 75062 ("Lender"). Borrower owes Lender the principal
sum of   thirty three thousand and NO/100ths
Dollars (U.S. $   33,000.00            ). This debt is an extension of credit authorized by Section 50(a)(6),
Article XVI of the Texas Constitution (referred to herein as the "Extension of Credit") and is evidenced by Borrower's note
dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid
earlier, due and payable on the first day of    February 1, 2020   . This Security Instrument secures to Lender:
(a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note;
(b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.
For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described
property located in          Hidalgo          County, Texas:
LOT 8, RINCON DE ENCINOS ADDITION, CITY OF EDINBURG, HIDALGO COUNTY, TEXAS,
ACCORDING TO THE MAP RECORDED IN VOLUME 29, PAGE 108A, MAP RECORDS IN THE
OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS, REFERENCE TO WHICH IS
HERE MADE FOR ALL PURPOSES.

CAB028-1.0598

Page 1 of 7

EXHIBIT A

: 81252

which has the address of: 2008 PHYLLIS, Edinburg, TX 78539
                          (Street)            (City)              (State)        (Zip)

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the Property provided however that the Property is limited to homestead property in accordance with Section 50(a)(6)(H), Article XVI of the Texas Constitution.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any late charges due under the Note.

**2. Funds for Taxes and Insurance.** Funds for Taxes and Insurance will not be held by Lender. Borrower shall pay yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Security Instrument, and ground rents on the Property, if any, plus yearly premium installments for hazard insurance.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under Paragraphs 1 and 2 shall be applied: first, to amounts payable under Paragraph 2; second, to interest due; third, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Paragraph 4. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with Paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible. If the restoration or repair is not economically feasible the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in Paragraphs 1 and 2 or change the amount of the payments. If under Paragraphs 20 or 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

CAB028-2.0598                                                                    Page 2 of 7

: 81252

6. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower now occupies and uses the Property as Borrower's Texas homestead and shall continue to occupy the Property as Borrower's Texas homestead for at least one year after the date of this Security Instrument. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in Paragraph 17, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default and, if found to have committed actual fraud, may be held personally liable for debt evidenced by the Note if Borrower gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a Texas homestead.  If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7. **Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender, so far as allowed by applicable law, may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this Paragraph 7, Lender does not have to do so.  No powers are granted by Borrower to the Lender or Trustee that would violate Section 50(a)(6), Article XVI of the Texas Constitution or other applicable law.

Any amounts disbursed by Lender under this Paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, shall be paid to Lender to be applied to the sums secured by this Security Instrument.

In the event of a total or partial taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in Paragraphs 1 or change the amount of such payments.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the original Borrower or Borrower's successors in interest from Borrower's obligations under the Note and this Security Instrument. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Paragraphs 16 and 23. Borrower's covenants and agreements shall be joint and several subject to the provisions of Paragraph 23.  Any Borrower who co-signs this Security Instrument, but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument or to comply with the requirements of Section 50(a)(6), Article XVI of the Texas Constitution providing for execution hereof, in order to establish a valid lien, by the spouse of each owner of the Property; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

CAB028-3.0598

Page 3 of 7

: 81252

**12. Lender's Right to Comply.** It is Lender's and Borrower's intention to conform strictly to Section 50(a)(6), Article XVI of the Texas Constitution.

All agreements between Lender and Borrower are hereby expressly limited so that in no event shall any agreement between Lender and Borrower, or other third party, be construed not to allow Lender a reasonable time, after Borrower has notified Lender according to the provisions of Paragraph 13 below, to comply with Lender's obligations under the Extension of Credit. Borrower understands that the Extension of Credit is being made on the condition that Lender shall have a reasonable time to comply with any of the provisions contained in Section 50(a)(6), Article XVI of the Texas Constitution. As a precondition to taking any action premised on failure of Lender to comply with any of Lender's obligations under this Extension of Credit, Borrower will advise Lender, in writing, of the obligation that Lender has failed to comply with and give Lender a reasonable time to comply. Borrower will cooperate in reasonable efforts to effectuate any compliance. Only after Lender has received said notice, has had a reasonable time to comply, and Lender has failed to comply, shall all principal and interest be forfeited by Lender, as required by Section 50(a)(6), Article XVI of the Texas Constitution.

In the event that, for any reason whatsoever, any obligation of Borrower or of Lender pursuant to the terms or requirements hereof or of any other loan document shall be construed to violate Section 50(a)(6), Article XVI of the Texas Constitution, then any such obligation shall be subject to the provisions of this Paragraph 12, and such document shall be automatically reformed, without the necessity of the execution of any amendment or new document, so that Borrower's or Lender's obligation shall be modified to conform to Section 50(a)(6), Article XVI of the Texas Constitution, and in no event shall Borrower or Lender be obligated to perform any act, or be bound by any requirement which would conflict therewith.

All agreements between Lender and Borrower are expressly limited so that any interest, loan charge or fee collected or to be collected from Borrower (other than by payment of interest), any owner or the spouse of any owner of the Property in connection with the origination, evaluation, maintenance, recording, insuring or servicing of the Extension of Credit shall not exceed, in the aggregate, the highest amount allowed by applicable law.

If a law, which applies to this loan and which sets maximum interest, loan charges or fees is finally interpreted so that the interest, loan charges or fees that the Lender has collected or is entitled to collect in connection with this loan exceed the permitted limits, or a determination is made at any time by Lender that interest, loan charges or fees that the Lender has collected or is entitled to collect in connection with this loan exceed the permitted limit, then: (i) any such interest, loan charges or fees shall be reduced by the amount necessary to reduce the interest, loan charges or fees to the permitted limit; and (ii) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. The Lender may choose to make this refund by reducing the principal Borrower owes under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment. Borrower's acceptance of any such refund will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

It is the express intention of the Lender and Borrower to structure this Extension of Credit to conform to the provisions of Section 50(a)(6), Article XVI of the Texas Constitution. If, from any circumstance whatsoever, any promise, payment, obligation or provision of the Note, this Security Instrument or any other loan document involving this Extension of Credit transcends the limit of validity prescribed by applicable law, then any promise, payment, obligation or provision shall be reduced to the limit of such validity or eliminated as a requirement and such document shall be automatically reformed without the necessity of the execution of any new amendment or new document.

The provision of this Paragraph 12 shall supersede any inconsistent provision of the Note or this Security Instrument.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given in writing by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given in writing by certified mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 13.

**14. Governing Law; Severability.** This Security Instrument shall be governed by the laws of the State of Texas and any applicable federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Copies.** Borrower shall be given at the time this Extension of Credit is made, a copy of all documents signed by the Borrower related to the Extension of Credit.

CAB028-4.0598                                                              Page 4 of 7

: 81252

16.  **Transfer of the Property or a Beneficial Interest in Borrower.**  If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, after providing notice required by applicable law, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, after providing notice as required by applicable law, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

17.  **Borrower's Right to Reinstate.**  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to entry of a court order enforcing this Security Instrument or a court order authorizing the Trustee to exercise the power of sale. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses, insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged.  Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred.  However, this right to reinstate shall not apply in the case of acceleration under Paragraph 16.

18.  **Sale of Note; Change of Loan Servicer.**  The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with Paragraph 13 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

19.  **Hazardous Substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this Paragraph 19, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Paragraph 19, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

20.  **Acceleration; Remedies.**  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Paragraph 16 unless applicable law provides otherwise).  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any remedies permitted by applicable law. Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.

: 81252

The lien evidenced by this Security Instrument may be foreclosed upon only by a court order. Lender may, at its option, follow any rules of civil procedure promulgated by the Texas Supreme Court for the expedited foreclosure of loans made pursuant to Section 50(a)(6), Article XVI of the Texas Constitution ("Rules"), as amended from time to time, which are hereby incorporated by reference. The power of sale granted herein shall be exercised pursuant to such Rules, and Borrower understands that such power of sale is not a confession of judgment or a power of attorney to confess judgment or to appear for the Borrower in a judicial proceeding.

21. Power of Sale.  It is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the Property.  It is also the express intention of the Lender and Borrower that Lender's default remedies shall include the most expeditious means of foreclosure available to Lender.  Accordingly, the Lender and Trustee shall have all the powers provided herein except insofar as may be limited by the Texas Supreme Court.  To the extent the Rules do not specify a procedure for the exercise of a power of sale, the following provisions of this Paragraph 21 shall apply.  If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by applicable law. Lender shall provide a copy of the notice of sale to Borrower in the manner prescribed by applicable law.  Sale shall be made at public vendue between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month.  Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines.  Lender or its designee may purchase the Property at any sale.  In the event of any conflict between such procedure and the Rules, the Rules shall prevail, and this provision shall automatically be reformed to the extent necessary to comply.

Trustee shall deliver to the purchaser who acquires title to the Property pursuant to the foreclosure of the lien a Trustee's deed conveying indefeasible title to the Property with covenants of general warranty.  Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands.  The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, court costs and reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Paragraph 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale.  If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

22. Release.  Within a reasonable time after termination and full payment of this Security Instrument, the Lender will cancel and return the Note to Borrower and give Borrower, in recordable form, a release of the lien securing this Extension of Credit or a copy of an endorsement of the Note and assignment of the lien to a lender that is refinancing this Extension of Credit.  Borrower shall pay only recording costs.

23. Partial Invalidity and Non-Recourse Liability.  Lender shall be subrogated to any and all rights, superior title, liens and equities owned or claimed by any owner or holder of any liens and debts outstanding immediately prior to execution hereof, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

Subject to the limitation of personal liability described below, each person who signs this Security Instrument is fully and unconditionally obligated to keep all of the promises and obligations made in this Security Instrument.

Borrower understands that Section 50(a)(6), Article XVI, Subsection (C) of the Texas Constitution provides that the Note is given without personal liability against each owner of the Property and against the spouse of each owner unless the owner or spouse obtained this Extension of Credit by actual fraud.  This means that, absent such actual fraud, the Lender can enforce its rights under this Security Instrument solely against the Property.

If this Extension of Credit is obtained by such actual fraud, and Borrower fails to perform Borrower's obligations under this Security Instrument, then, subject to Paragraph 11, Borrower will be personally liable for the payment of any amounts due under the Note, including any deficiency that results from Lender's sale of the Property for an amount less than is owing under the Note.  This means that a personal judgment could be obtained against Borrower thereby subjecting Borrower's other assets to satisfy the debt.

If not prohibited by Section 50(a)(6)(c), Article XVI of the Texas Constitution, this Paragraph 23 shall not impair in any way the lien of this Security Instrument or the right of Lender to collect all sums due under the Note and this Security Instrument or prejudice the right of Lender as to any covenants or conditions of the Note and this Security Instrument.

24. Acknowledgment of Fair Market Value.  Lender and Borrower have executed a written acknowledgment as to the fair market value of Borrower's Property on the date the Extension of Credit is made.

CAB028-6.0598

: 81252

**25. Rider(s) to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the riders were a part of this Security Instrument. [Check as applicable].

(   ) Texas Home Equity Adjustable Rate Rider       (   ) Texas Home Equity Condominium Rider

(   ) Texas Home Equity Planned Unit Development Rider   ( X ) Texas Home Equity Affidavit and Agreement

(   ) Other(s) (specify)

 

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

**DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS LOAN MUST BE CLOSED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.**

**YOU MAY, WITHIN 3 BUSINESS DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE.**

_____
ANNA M. CANO       Borrower

_____
ROBERT CANO JR.       Borrower

_____
Borrower

_____
Borrower

STATE OF TEXAS    §

COUNTY OF Hidalgo    §

This instrument was acknowledged before me on   Jan. 27th, 2000.    (date)   by

(name or names of person or persons acknowledging).

CHRISTIE R. SAENZ
Notary Public
State Of Texas
My Comp. Exp. Mar. 13, 2002

Christie R Saenz
Signature of Officer

Closing Agent
Title of Officer

My Commission Expires: 3/13/2002 (Personalized Seal)

CAB028-7.0598

Page 7 of 7

```
          Filed for Record in:
       Hidalgo County
        by Juan D. Salinas III
            County Clerk

On: Feb 17,2000  at  09:11A

         Recording

Document Number:       847063
Total Fees   :         21.00

    Receipt Number - 265568
              By,
    Anna Smith
```

847064

[To Be Recorded With Security Instrument]

# TEXAS HOME EQUITY
# AFFIDAVIT AND AGREEMENT
Loan No.:   81252

(Do not sign this Texas Home Equity Affidavit and Agreement until you have received a Notice of Right to Rescind the transaction pursuant to rights provided you by state law, executed an Acknowledgment Regarding Fair Market Value, and received and reviewed the Texas Home Equity Note and the Texas Home Equity Security Instrument.)

State of **TEXAS**

Before me, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared

and on oath such individual, or each of them, swears that the following statements are true:

I.     **REPRESENTATIONS AND WARRANTIES:**

A.   I am a borrower named in the Texas Home Equity Note (the "Note") or the owner or spouse of an owner of the property described in the Texas Home Equity Security Instrument (the "Security Instrument" which term includes any riders to the Texas Home Equity Security Instrument), both bearing date of               January 27, 2000 evidencing and securing an extension of credit as authorized by Section 50(a)(6), Article XVI of the Texas Constitution (the "Extension of Credit") securing a lien on the following described property ("Property") located in
Hidalgo          County, Texas:
LOT 8, RINCON DE ENCINOS ADDITION, CITY OF EDINBURG, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED IN VOLUME 29, PAGE 108A, MAP RECORDS IN THE OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS, REFERENCE TO WHICH IS HERE MADE FOR ALL PURPOSES.

(Legal Description)

CAB022-1.0598

Page 1 of 4

: 81252

which has the address of:   2008 PHYLLIS, Edinburg, TX 78539

                           (Street)                 (City)                   (ZIP)

      The Property includes all incidental rights in and to the Property including all improvements now or hereafter erected on the Property, and all easements, appurtenances, and fixtures now or hereafter a part of the Property. All replacements and additions are included as well as any interest in a planned unit development, condominium project, homeowners' association or equivalent entity owning or managing common areas or facilities associated with the Property. All of the foregoing is referred to herein as the Property, provided however that the Property is limited to homestead property in accordance with Section 50(a)(6)(H), Article XVI of the Texas Constitution.

      The Property does not include any additional real or personal property (i) not included within the definition of homestead or (ii) not described by Section 41.002(a), (b), and (c) of the Texas Property Code which provide:

§ 41.002 Definition of Homestead

         (a)  If used for the purposes of an urban home or as a place to exercise a calling or business in the same urban area, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than ten acres of land which may be in one or more lots, together with any improvements thereon.

         (b)  If used for the purposes of a rural home, the homestead shall consist of:

         (1)  for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or

         (2)  for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.

         (c)  A homestead is considered to be rural if, at the time the designation is made, the property is not served by municipal utilities and fire and police protection.

**B.**       I understand that the lender making the Extension of Credit is NATIONSCREDIT FINANCIAL SERVICES CORP. , (the "Lender").

**C.**       The undersigned includes all owners and spouses of owners of the Property and all borrowers named in the Note.

**D.**       The Extension of Credit is secured by a voluntary lien on the Property created under a written agreement with the consent of all owners and all spouses of owners, and execution of this Texas Home Equity Affidavit and Agreement is deemed evidence of such consent.

**E.**       The Extension of Credit is of a principal amount that, when added to the aggregate total of the outstanding principal balances of all other indebtedness secured by valid encumbrances (i.e. liens) against the Property, does not exceed eighty percent (80%) of the fair market value of the Property on the date the Extension of Credit is made.

**F.**       I have not paid any fee or charge that is not disclosed in the HUD-1 or HUD-1A Settlement Statement.

**G.**       Neither the Lender nor any other party has required any additional collateral to secure this Extension of Credit other than the Property described in the Security Instrument.

**H.**       The Extension of Credit is secured by the Property which is not designated for agricultural use as provided by statutes governing property tax, unless such Property is used primarily for the production of milk.

**I.**       The Extension of Credit is the only loan made pursuant to Section 50(a)(6), Article XVI of the Texas Constitution that will be secured by the Property at the time the Extension of Credit is funded.

**J.**       The Note and Security Instrument have not been signed before the twelfth (12th) day after the later of the date the owner of the Property submitted an application to the Lender, or the Lender's representative, for the Extension of Credit or the date that the Lender, or the Lender's representative, provided the owner with a copy of the Notice Concerning Extensions of Credit (the "Notice").

CAB022-3.1299

: 81252

**K.**      If I am an owner of the Property, I received the Notice in English.  If the discussions with the borrowers named in the Note were conducted primarily in a language other than English, the borrowers named in the Note received from Lender, or Lender's representative, before closing, an additional copy of the Notice translated into the written language in which the discussions were conducted.

**L.**      The Extension of Credit is being closed at the office of the Lender, an attorney at law, or a title company.

**M.**      It has been at least one year since the closing date of any other extension of credit made pursuant to Section 50(a)(6), Article XVI of the Texas Constitution and secured by the Property.

**N.**      An owner of the Property has not been required to apply the proceeds of this Extension of Credit to repay another debt, unless such other debt, if any, is a debt secured by the Property or a debt to another lender.

**O.**      An owner of the Property has not been required to assign wages as security for the Extension of Credit.

**P.**      An owner of the Property has not signed an instrument in which applicable blanks were left to be filled in.  There are no blanks in this Texas Home Equity Affidavit and Agreement, the Note, the Security Instrument or the Notice of Right to Rescind.

**Q.**      An owner of the Property has not signed a confession of judgment or power of attorney to the Lender or to a third person to confess judgment or to appear for owner in a judicial proceeding.

**R.**      All owners of the property, after receiving a copy of all documents signed by them, will sign a receipt acknowledging the delivery of such copies.

**S.**      I have received a Notice of Right to Rescind the transaction under state law notifying me that under Section 50(a)(6), Article XVI of the Texas Constitution, the owner and the spouse of the owner may, within three (3) days after the Extension of Credit is made, rescind the Extension of Credit without penalty or charge.

**T.**      The Lender and the owner(s) of the Property have signed a written acknowledgment as to the fair market value of the Property on the date the Extension of Credit is made.

**U.**      The proceeds of this Extension of Credit are not being used to pay all or any portion of the purchase price of the Property.

**V.**      Unless Lender otherwise agrees in writing, all borrowers named in the Note shall occupy the Property as their homestead pursuant to the terms of Paragraph 6 of the Security Instrument.

**W.**      I understand that the Extension of Credit is not a form of open-end account that may be debited from time to time or under which credit may be extended from time to time.  Lender, at its option, may make monetary advances to protect the Property (i.e. real estate taxes, hazard insurance payments, etc.) in accordance with the Security Instrument.

**II.     AGREEMENT PROVISIONS:**

**A.      No Personal Liability in the Absence of Actual Fraud.**  I understand that pursuant to Section 50(a)(6)(C), Article XVI of the Texas Constitution the Extension of Credit is without recourse for personal liability against each owner of the Property and the spouse of each owner and that Lender and its assigns can enforce the promises and obligations in the Note and the Security Instrument solely against the Property, unless an owner or spouse of an owner obtains the Extension of Credit by actual fraud.

**B.      Inducement and Reliance.**  I understand that my execution of this Texas Home Equity Affidavit and Agreement is made to induce Lender and its assigns to make or purchase the Extension of Credit and that Lender and its assigns will rely on it as additional consideration for making or purchasing the Extension of Credit.  I also understand that each of the statements made in the Representations and Warranties Section is material and will be acted upon by the Lender and its assigns, and that if such statement is false or made without knowledge of the truth, the Lender and its assigns will suffer injury.

**C.      Remedies in the Event of Actual Fraud.**  If any owner of the Property, or the spouse of an owner, obtains the Extension of Credit by actual fraud, then such owner or spouse agrees to indemnify and save Lender and its assigns harmless against any loss, costs, damages, attorneys' fees, expenses and liabilities which Lender may incur or sustain in connection with the inaccuracy of any of these representations or warranties or any court action arising therefrom and will pay the same upon demand.  In addition, such owner or spouse shall become personally liable for repayment of the Extension of Credit.

CAB022-3.0398                                                                 Page 3 of 4

: 81252

    **D.**    **Opportunity for Lender to Comply.** It is agreed that the Lender or any holder of the Note or the Extension of Credit shall not forfeit any principal or interest on the Extension of Credit if the Lender or holder complies with Lender's or holder's obligations under the Extension of Credit within a reasonable time after the Lender or holder is notified by the borrower of Lender's or holder's failure to comply.

    **E.**    **Tax Advice.** It is agreed that it is the borrower's responsibility to determine any and all aspects of tax considerations related to the Extension of Credit. Borrower has not relied on any tax advice provided to borrower by Lender or by Lender's representatives. It is borrower's responsibility to seek and obtain independent tax advice.

**III.**    **STATEMENT UNDER OATH**

    I/We hereby swear under oath that the representations and warranties referred to and set forth in Section I above are true and correct. I/We understand that this Texas Home Equity Affidavit and Agreement is part of the loan documentation. When this Texas Home Equity Affidavit and Agreement is executed by only one person, it shall read as if pertinent verbs, nouns, and pronouns were changed accordingly.

**DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THE EXTENSION OF CREDIT RELATED TO THIS TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT MUST BE CLOSED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY BY ALL OWNERS OF THE PROPERTY, SPOUSES OF OWNERS, AND BORROWERS NAMED IN THE NOTE. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.**

| | |
|---|---|
| _Anna M. Cano_ | _Robert Cano Jr._ |
| ANNA M. CANO         Borrower | ROBERT CANO JR.       Borrower |
|           Borrower |           Borrower |

SWORN TO AND SUBSCRIBED before me on this 27ᵗʰ day of Jan. 2000.

[PERSONALIZED SEAL]        _Christie R Saenz_

    CHRISTIE R. SAENZ
    Notary Public
    State Of Texas
    My Comm. Exp. Mar. 13, 2002

NOTARY PUBLIC, STATE OF _Texas_

MY COMMISSION EXPIRES: _March 13, 2002_

**ADVISORY NOTICE**

ALL STATEMENTS IN THE FOREGOING TEXAS HOME EQUITY AFFIDAVIT AND AGREEMENT ARE MADE UNDER OATH. IF ANY SUCH STATEMENT IS MADE WITH KNOWLEDGE THAT SUCH STATEMENT IS FALSE, THE PERSON MAKING SUCH FALSE STATEMENT MAY BE SUBJECT TO CIVIL AND CRIMINAL PENALTIES UNDER APPLICABLE LAW AND MAY BE PERSONALLY LIABLE ON THE NOTE.

CAB022-4.0598

Filed for Record in:
Hidalgo County
by Juan D. Salinas III
County Clerk

On: Feb 17,2000   at   09:11A

As a
Recording

Document Number:            847064
Total Fees   :              15.00

Receipt Number - 265568
By,
Anna Smith

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

Re:
ROBERT CANO JR and ANNA CANO
Debtor(s)

CHAPTER 13 PROCEEDINGS

CASE NO: 02-70359-M-13

ORDER CONFIRMING PLAN

After notice and hearing, wherein the Court considered the matters on file herein, including the Trustee's Report of 341(a) Meeting and the Summary and Analysis of Chapter 13 Plan, the Court finds that the Plan meets the requirements of 11 U.S.C., Section 1325(a), and should be confirmed.

IT IS ORDERED THAT:

1.  The Debtor's Plan as proposed and as shown in the Trustee's Report of 341(a) Meeting is confirmed.

2.  The Debtor shall pay the sum of $100 / $1200 / $1400 / $1500   per month to Cindy Boudloche, Trustee, payable in Corpus Christi, Nueces County, Texas, on the 14 day of each month beginning September 14, 2002, for a period of 1 / 2-3 / 4-24 / 25-60  months or until all of the properly filed and allowed claims have been paid in full (100%) or as specifically treated in the plan or until further order of the Court.

3.  The Trustee shall make disbursements pursuant to provisions of the Plan, Section 1326 of the Bankruptcy Code, and shall pay only such claims which have been allowed by the Court.  The Trustee shall make disbursements monthly, unless otherwise provided by the Plan, but shall not be required to pay any dividend in an amount less than $15.00.  Dividends not distributed because of this provision shall accumulate, and be paid when such accumulation aggregates $15.00 or more.

4.  During the term of this Plan, the Debtor(s) shall timely pay all post petition taxes and shall not incur additional debt except upon written approval of the Trustee or the Court.

5.  The order of payment, unless otherwise directed, shall be:
    a.  The percentage fee to the Trustee as may be periodically fixed by the Attorney General pursuant to 28 USC Sec 586(e).
    b.  Allowed claims in the amounts and order shown in the Trustee's Report of 341(a) Meeting, or as allowed pursuant to timely filed claims.

6.  All secured claims will be deemed valued per the Trustee's Report of 341(a) Meeting.

7.  Each secured creditor shall retain the lien existing prior to the commence-ment of the case to secure payment of the allowed amount of its claim.

8.  The Debtor's attorney is awarded an allowance of fees and expenses as an administrative expense in the amount set in the Chapter 13 Fee Application filed in this case subject to further orders upon any pending objections.

9.  Debtor's employer(s) shall cease and desist from withholding from Debtor's wages all contributions to Debtor's 401k plan or thrift savings plan, and all payments for stock purchases or for loans which are secured by Debtor's 401k plan.

Signed:  February 20, 2003

U.S. Bankruptcy Judge

EXHIBIT B

Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.      BBWCDF# 20020126300990-1
1900 St. James Place, Suite 500
Houston, Texas  77056
(713) 621-8673

Attorney for  GMAC MORTGAGE CORPORATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 02-70359-M-13 |
| | § | |
| ROBERT CANO, JR. and ANNA M. | § | |
| CANO, | § | |
|     Debtor | § | CHAPTER 13 |
| | § | |
| GMAC MORTGAGE CORPORATION, | § | |
|     Movant | § | HEARING DATE:  06/16/2004 |
| | § | |
| v. | § | TIME:  9:00 |
| | § | |
| ROBERT CANO, JR. and ANNA M. | § | |
| CANO; and CINDY BOUDLOCHE, | § | |
| Trustee | § | |
|     Respondents | § | JUDGE RICHARD S. SCHMIDT |

## MOTION OF GMAC MORTGAGE CORPORATION FOR RELIEF FROM STAY AND WAIVER OF THIRTY DAY REQUIREMENT

### NOTICE

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY.  THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON JUNE 16, 2004 AT 9:00 IN 1701 WEST BUSINESS HWY. 83, BENSTEN  TOWER, 1OTH FLOOR, MCALLEN, TX 78501.  IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEMENT. IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT AT LEAST FIVE BUSINESS DAYS PRIOR TO THE HEARING AND YOU MUST ATTEND THE HEARING.  THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR BY ELECTRONIC DELIVERY IF IT IS SENT LESS THAN FIVE BUSINESS DAYS PRIOR TO THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING.**

## EXHIBIT C

## WAIVER OF THIRTY DAY REQUIREMENT

**MOVANT DESIRES TO WAIVE THE REQUIREMENT OF A HEARING WITHIN THIRTY (30) DAYS UNDER §362E AND REQUESTS A HEARING AT THE NEXT AVAILABLE DATE.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Movant, GMAC MORTGAGE CORPORATION, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, by and through the undersigned attorney, and moves the Court as follows:

1.     This Motion is brought pursuant to 11 U.S.C. Section 362(d) and in accordance with Rule 9014 of the Bankruptcy Rules.

2.     On or about August 14, 2002, Debtors (hereinafter "Debtor") filed a petition for an order of relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C.

3.     At the time of filing the Chapter 13 petition, Debtor was indebted to Movant pursuant to a Texas Home Equity Security Instrument executed on January 27, 2000, in the original amount of THIRTY-THREE THOUSAND DOLLARS AND ZERO CENTS ($33,000.00) with interest thereon at the rate of 11.350% per annum.

4.     The obligation of Debtor  to pay the indebtedness is secured by a Texas Home Equity Security Instrument dated January 27, 2000 on real estate with all improvements known as:

LOT 8, RINCON DE ENCINOS ADDITION, CITY OF EDINBURG,
HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED IN
VOLUME 29, PAGE 108A, MAP RECORDS IN THE OFFICE OF THE
COUNTY CLERK OF HIDALGO COUNTY, TEXAS.

A true and correct copy of the Texas Home Equity Security Instrument is attached hereto as

5.     Prior to the filing of the petition, Debtor was indebted to Movant according to the terms and conditions of Texas Home Equity Security Instrument.  Debtor has failed to maintain current the post-petition payments due under the note and is presently in arrears for 4 payments through and including the May 1, 2004 payment.

6.    Debtor has failed to make payments of principal or interest to Movant and has failed to pay taxes or insurance on the property, all resulting in loss and harm to Movant.

7.    In accordance with the terms of the Texas Home Equity Security Instrument, Debtor is liable for costs and attorneys fees incurred by Movant. Movant would allege that it is entitled to reasonable post-petition attorneys fees, including, but not limited to, fees, if any, for the preparation and filing of a proof of claim and fees and costs for the filing of this Motion for Relief from Stay.

8.    By reason of the foregoing, cause exists for vacating the stay so Movant may proceed to foreclose in accordance with its Texas Home Equity Security Instrument.

9.    Debtor has failed to provide adequate protection to Movant which constitutes cause to vacate the automatic stay of 11 U.S.C. §362(a).

10.    In the alternative, there is no realizable equity in the property which also constitutes cause under 11 U.S.C. §362(d) for lifting the stay. The outstanding indebtedness to Movant is $30,949.28 principal plus accrued interest, late charges, attorneys fees and costs as provided in the and Texas Home Equity Security Instrument.

11.    The provision of Rule 4001 (a) (3) should be waived and Movant be permitted to immediately enforce and implement any order granting relief from the automatic stay.

WHEREFORE, Movant prays that this court enter an order, after notice and hearing, terminating the automatic stay as to Movant; alternatively, that Movant be afforded adequate protection including, but not limited to, having all post-petition payments brought current and being reimbursed for its reasonable post-petition attorneys fees and expenses. Movant further prays that the Court waive the provision of Rule 4001 (a) (3) and that GMAC MORTGAGE CORPORATION be permitted to immediately enforce and implement any order granting relief from the automatic stay and that Movant be granted such other and further relief as is just.

SO0020E/MFR/SOUTHERN/MCALLEN/20020126300990-1

Respectfully submitted,

BARRETT BURKE WILSON
CASTLE DAFFIN & FRAPPIER, L.L.P.

BY: /s/ TANISHA L. THORPES

TBA NO. 24030901
1900 St. James Place, Suite 500
Houston, Texas  77056
Telephone:  (713) 621-8673
Facsimile:  (713) 621-8583
ATTORNEY FOR MOVANT

Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.  BBWCDF# 20020126300990-1
1900 St. James Place, Suite 500
Houston, Texas 77056
(713) 621-8673

Attorney for GMAC MORTGAGE CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 02-70359-M-13 |
| | § | |
| ROBERT CANO, JR. and ANNA M. | § | |
| CANO, | § | |
|   Debtor | § | CHAPTER 13 |
| | § | |
| GMAC MORTGAGE CORPORATION, | § | |
|   Movant | § | HEARING DATE: 06/16/2004 |
| | § | |
| v. | § | TIME: 9:00 |
| | § | |
| ROBERT CANO, JR. and ANNA M. | § | |
| CANO; and CINDY BOUDLOCHE, | § | |
| Trustee | § | |
|   Respondents | § | JUDGE RICHARD S. SCHMIDT |

## SUMMARY OF EXHIBITS

  These Exhibits are referred to in the Motion for Relief from Stay filed by GMAC MORTGAGE CORPORATION. The Description of Exhibits and Summary of Pertinent Parts are as follows:

Exhibit A  Texas Home Equity Security Instrument executed on 1/27/2000 by ANNA M CANO and ROBERT CANO, JR. that secures the indebtedness with a lien on real estate with all improvements known as:

      LOT 8, RINCON DE ENCINOS ADDITION, CITY OF EDINBURG, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED IN VOLUME 29, PAGE 108A, MAP RECORDS IN THE OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS.

ROBERT CANO, JR. and ANNA M. CANO, Debtors
CASE NO. 02-70359-M-13

Copies of the exhibits are available by request to:

/s/ TANISHA L. THORPES

TBA NO. 24030901
1900 St. James Place, Suite 500
Houston, Texas  77056
Telephone:  (713) 621-8673
Facsimile:  (713) 621-8583
E-mail:  SDECF@BBWCDF.COM
ATTORNEY FOR MOVANT

BARRET BURKE WILSON CASTLE DAFFIN & FRAPPIER, L.L.P          BBWCDF# 20020126300990-1
1900 St James Place, 5th Floor, Suite 500
Houston, Texas 77056
(713) 621-8673

Attorney for GMAC MORTGAGE CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 02-70359-M-13 |
| | § | |
| ROBERT CANO, JR. and ANNA M. | § | |
| CANO, | § | |
|     Debtor | § | CHAPTER 13 |
| | § | |
| GMAC MORTGAGE CORPORATION, | § | |
|     Movant | § | HEARING DATE: _6-16-04_ |
| | § | |
| v. | § | TIME: _9:00 a.m._ |
| | § | |
| ROBERT CANO, JR. and ANNA M. | § | |
| CANO; and CINDY BOUDLOCHE, | § | |
| Trustee | § | |
|     Respondents | § | JUDGE RICHARD S. SCHMIDT |

## ORDER WITHDRAWING MOTION

On this day came on before the Court the Motion For Relief From Stay filed by GMAC

MORTGAGE CORPORATION on May 13, 2004 . The Court being fully advised in the

premises is of the opinion the Motion should be withdrawn. THEREFORE, it is

S00712E/OWM Schmidt/SOUTHERN/MCALLEN/20020126300990-1

EXHIBIT D

ORDERED that the Motion For Relief From Stay filed by GMAC MORTGAGE

CORPORATION on May 13, 2004 in the referenced case is withdrawn.

**MOVANT HAS COMPLIED WITH LOCAL BANKRUPTCY RULE 4001.**

**APPROVED AS TO FORM AND SUBTANCE:**

BARRETT BURKE WILSON CASTLE
DAFFIN & FRAPPIER, L, L. P.

BY: /s/ YVONNE KNESEK
TBA NO. 11591800
1900 St. James Place, Suite 500
Houston, Texas 77056
Telephone: (713) 621-8673
Facsimile: (713) 621-8583
E-mail: SDECF@BBWCDF.COM
ATTORNEY FOR MOVANT

Dated: 6-16-04

RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICTOF TEXAS
MCALLEN DIVISION

IN RE:                                  )(        CASE NO. 02-70359-M-13
                                        )(
ROBERT CANO, JR.,                       )(
ANNA CANO,                              )(
                                        )(
Debtors.                                )(

## THIRD AMENDED FIRST MOTION TO MODIFY A CONFIRMED PLAN; PLAN MODIFICATION; AND NOTICE OF HEARING AND TIME TO OBJECT

ROBERT CANO, JR. and ANNA CANO, under 11 U.S.C. & 1329 respectfully request this modification of the Debtors' confirmed plan.

### Notice of Time to Object and Notice of Hearing

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING.  YOU MUST FILE YOUR OBJECTION WITH  THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS (20) FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSONWHO SENT YOU THE NOTICE. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPENDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY (20) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.  IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

IF AN OBJECTION OR RESPONSE IN OPPOSITION TO THIS PROPOSED MODIFICATION IS FILED, THEN A HEARING ON THIS PROPOSED MODIFICATION IS SET FOR JULY 22, 2004, AT 9:00 O'CLOCK A.M. IN THE BANKRUPTCY COURTROOM, BENTSEN TOWER, 1701 WEST BUSINESS HIGHWAY 83, McALLEN, TEXAS 78501.  IF AN OBJECTION IS NOT FILED WITHIN 20 DAYS FROM THE SERVICE OF THIS MOTION, THE COURT MAY CONSIDER THIS MOTION WITHOUT THE NECESSITY OF A HEARING.

### Proposed Modification

1.      The current Plan confirmed on February 20, 2003, provides for 60 payments to the Trustee in the amounts of $100.00/$1,200.00/$1,400.00/$1,500.00 for months 2-4/4-25/25-60, totaling $87,700.00, with an estimated distribution of 45% on general unsecured claims.

EXHIBIT E

2.    The Debtors request that the confirmed plan be modified as follows:

A.    The monthly payment to the Chapter 13 Trustee shall be modified to $1,053.85 for months 1-13 and $1,300.00 for months 14-60, commencing with the October 2003 payment. The total pre-modification and post modification monthly plan payments to the Trustee due in this case shall be $74,800.05.

B.    Plan payment arrears to the Chapter 13 Trustee shall be deemed cured; however, interest on secured claims being paid through the Trustee shall continue to accrue.

C.    The treatment of the following secured claims shall be modified as follows: GMAC Mortgage (formerly Fairbanks Capital) shall be paid the amount of $9,634.03 for pre petition and post petition arrearages, escrow shortages and attorney fees per its amended proof of claim.

The Trustee shall hereafter pay the regular on-going mortgage payment to GMAC Mortgage in the amount of $433.64 per month for the remaining 47 months of the plan for a total of $20,381.08. Debtors shall resume regular mortgage payments after completion of the plan until said mortgage is paid in full.

D.    General unsecured creditors shall be paid a total of approximately $1,763.19 on a prorate basis, with an estimated 22% payment.

E.    All provisions of Debtor's confirmed plan not modified herein shall remain in full force and effect.

F.    Debtors' attorney shall be paid through the Trustee a fee of $300.00 for this Modification as an administrative expense.

3.    The Plan, as modified, will be paid as follows:

| Months | Pay |
|--------|-----|
| 01 - 13 | $1,053.85 |
| 14 - 60 | $1,300.00 |

I declare under penalty of perjury that these Modified Plan provisions represent the terms of the plan I propose for confirmation for treatment of all creditors and the distribution by the Chapter 13 Trustee.

Dated: June 21, 2004

_s/ Robert Cano, Jr._
Debtor

_s/Anna Cano_
Debtor

## CERTIFICATE OF SERVICE

I certify that on the 21st day of June, 2004, a true copy of this motion to modify a confirmed plan and notice of hearing was served by regular U.S. Mail, postage prepaid on the Debtor, U.S. Trustee, Chapter 13 Trustee and all creditors as specified on the attached Service List.

Ms. Cindy Boudloche
Chapter 13 Trustee
1508 American Bank Plaza
Corpus Christi, Texas 78475

Assistant U. S. Trustee
1107 Wilson Plaza West
606 Carancahua Street
Corpus Christi, Texas 78475

Mr. Jeffrey Michael Fleming
BARRET BURKE WILSON
CASTLE DAFFIN & FRAPPIER, L.L.P.
L.L.P.
1900 St. James Place, Suite 500
Houston, Texas 77056

Ms. Lori Gruver Robertson
LINEBARGER HEARD GOGGAN
BLAIR GRAHAM & SAMPSON,

P. O. Box 17428
Austin, Texas 78760-7777

Mr. Robert Cano, Jr.
Ms. Anna Cano
2008 Phyllis Lane
Edinburg, Texas 78539

_s/ Richard O. Habermann_
Richard O. Habermann

## Reasons for the Modification

To make Debtors' plan feasible by providing for the payment by the Trustee through the plan of the on going mortgage with the balance to be paid by the Debtors after plan completion.

## Budget

The Debtors' budget is unchanged from the date of the previous modification. The Debtors/Movants respectfully pray that this Court approve this motion to modify the confirmed plan.

/s/ Richard O. Habermann
Richard O. Habermann
1418 Beech Avenue, Suite 132
McAllen, Texas 78501
Office: (956) 687-2920
Fax: (956) 668-1923
Federal ID No.: 9275
State Bar No.: 08665530

ATTORNEY FOR DEBTORS

I declare under penalty of perjury that these Modified Plan provisions represent the terms of the plan I propose for confirmation for treatment of all creditors and the distribution by the Chapter 13 Trustee.

Dated: _June 21, 2004_

/s/ Robert Cano, Jr.
Robert Cano, Jr.

/s/ Anna Cano
Anna Cano

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the said foregoing Chapter 13 Fee Application has been mailed to the following parties by First Class Mail on *June 21, 2004*:

Ms. Cindy Boudloche
555 N. Carancahua, Suite 600
Corpus Christi, Texas 78478

Assistant U.S. Trustee
1105 Wilson Plaza,
606 Carancahua Street
Corpus Christi, Texas 78475

Mr. Jeffrey Fleming
BARRET BURKE WILSON
CASTLE DAFFIN & FRAPPIER, L.L.P.
PO Box 17428
Houston, Texas 77056

Ms. Lori Gruver Robertson
LINEBARGER GOGGAN
BLAIR & SAMPSON, L.L.P.
1900 St. James Place, Suite 500
Austin, Texas 78760-7777


Robert & Anna Cano
2008 Phyllis Lane
Edinburg, Texas 78539

_/s/  Richard O. Habermann_
Richard O. Habermann

02-0666

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS

In Re: Robert Cano and Anna M Cano
      Debtor

Case No.: 02–70359

Chapter: 13

---

### ORDER MODIFYING CHAPTER 13 PLAN

On this day came on for consideration the Debtor's Motion to Modify Confirmed Chapter 13 Plan. The Court, having heard the evidence and arguments of counsel and the recommendation of the Chapter 13 Trustee, finds that the proposed modification meets the requirements of 11 U.S.C. §§ 1325 and 1329 and should be approved.

It is therefore ORDERED that the Debtor's Motion to Modify is hereby GRANTED and the Chapter 13 Plan is hereby modified in accordance with the terms of the Motion.

It is further ORDERED that all provisions of the Debtor's confirmed Chapter 13 Plan not modified shall remain in full force and effect.

It is further ORDERED that the Chapter 13 Trustee shall make distributions pursuant to the modified terms effective as of the date of this Order is signed.

Signed and Entered on Docket: 7/22/04

**RICHARD S SCHMIDT**
United States Bankruptcy Judge

## EXHIBIT F

Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.                    BBWCDF# 2002012630099‑1
1900 St. James Place, Suite 500
Houston, Texas  77056
(713)  621‑8673

Attorney for GMAC MORTGAGE CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 02‑70359‑M‑13 |
| | § | |
| ROBERT CANO, JR. and ANNA M. | § | |
| CANO, | § | |
| Debtor | § | CHAPTER 13 |
| | § | |
| GMAC MORTGAGE CORPORATION, | § | |
| Movant | § | HEARING DATE:  03/23/2005 |
| | § | |
| v. | § | TIME:  9:00 |
| | § | |
| ROBERT CANO, JR. and ANNA M. | § | |
| CANO; and CINDY BOUDLOCHE, | § | |
| Trustee | § | |
| Respondents | § | JUDGE RICHARD S. SCHMIDT |

## MOTION OF GMAC MORTGAGE CORPORATION FOR RELIEF FROM STAY AND WAIVER OF THIRTY DAY REQUIREMENT

### NOTICE

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY.  THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON MARCH 23, 2005 AT 9:00 IN BENSTEN TOWER, 1701 WEST BUSINESS HWY. 83, 1OTH FLOOR, MCALLEN, TX 78501.  IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEMENT. IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT AT LEAST FIVE BUSINESS DAYS PRIOR TO THE HEARING AND YOU MUST ATTEND THE HEARING.  THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR BY ELECTRONIC DELIVERY IF IT IS SENT LESS THAN FIVE BUSINESS DAYS PRIOR TO THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT

RECEIVED

EXHIBIT G

**MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING.**

<center>WAIVER OF THIRTY DAY REQUIREMENT</center>

**MOVANT DESIRES TO WAIVE THE REQUIREMENT OF A HEARING WITHIN THIRTY (30) DAYS UNDER §362E AND REQUESTS A HEARING AT THE NEXT AVAILABLE DATE.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Movant, GMAC MORTGAGE CORPORATION, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, by and through the undersigned attorney, and moves the Court as follows:

1.      This Motion is brought pursuant to 11 U.S.C. Section 362(d) and in accordance with Rule 9014 of the Bankruptcy Rules.

2.      On or about August 14, 2002, Debtors (hereinafter "Debtor") filed a petition for an order of relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C.

3.      At the time of filing the Chapter 13 petition, Debtor was indebted to Movant pursuant to a Loan Agreement executed on January 27, 2000, in the original amount of THIRTY-THREE THOUSAND DOLLARS AND ZERO CENTS ($33,000.00) with interest thereon at the rate of 11.350% per annum.

4.      The obligation of Debtor to pay the indebtedness is secured by a Texas Home Equity Security Instrument dated January 27, 2000 on real estate with all improvements known as:

> LOT 8, RINCON DE ENCINOS ADDITION, CITY OF EDINBURG, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED IN VOLUME 29, PAGE 108A, MAP RECORDS IN THE OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS.

A true and correct copy of the Texas Home Equity Security Instrument is attached hereto as Exhibit "A".

5.      Prior to filing of the petition, Debtor was indebted to Movant according to the terms and conditions of the Loan Agreement and Texas Home Equity Security Instrument.

6.      Debtor has failed to pay taxes on the property, resulting in loss and harm to Movant.   Movant has paid taxes for the benefit of Debtor totaling $1,580.71 as follows: 2003 taxes in the amount of $926.77 and 2004 taxes in the amount of $653.94.

7.      In accordance with the terms of the Loan Agreement and Texas Home Equity Security Instrument, Debtor is liable for costs and attorneys fees incurred by Movant.  Movant would allege that it is entitled to reasonable post-petition attorneys fees, including, but not limited to, fees, if any, for the preparation and filing of a proof of claim and fees and costs for the filing of this Motion for Relief from Stay.

8.      By reason of the foregoing, cause exists for vacating the stay so Movant may proceed to foreclose in accordance with its Texas Home Equity Security Instrument.

9.      Debtor has failed to provide adequate protection to Movant which constitutes cause to vacate the automatic stay of 11 U.S.C. §362(a).

10.     The outstanding indebtedness to Movant is $30,367.02 principal plus accrued interest, late charges, attorney's fees and costs as provided in the Loan Agreement and Texas Home Equity Security Instrument.

11.     The provision of Rule 4001 (a) (3) should be waived and Movant be permitted to immediately enforce and implement any order granting relief from the automatic stay.

WHEREFORE, Movant prays that this court enter an order, after notice and hearing, terminating the automatic stay as to Movant; alternatively, that Movant be afforded adequate protection including, but not limited to, having all post-petition payments brought current and being reimbursed for its reasonable post-petition attorneys fees and expenses.  Movant further

prays that the Court waive the provision of Rule 4001 (a) (3) and that GMAC MORTGAGE CORPORATION be permitted to immediately enforce and implement any order granting relief from the automatic stay and that Movant be granted such other and further relief as is just.

Respectfully submitted,

BARRETT BURKE WILSON
CASTLE DAFFIN & FRAPPIER, L.L.P.

BY: /s/ TANISHA L. THORPES

TBA NO. 24030901
1900 St. James Place, Suite 500
Houston, Texas 77056
Telephone: (713) 621-8673
Facsimile: (713) 621-8583
ATTORNEY FOR MOVANT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

IN RE: )
)
ROBERT CANO, JR., ) CASE NO. 02-70359-M-13
ANNA M. CANO ) (Chapter 13)
)
    Debtors, )
-------------------------------------------------------------
GMAC MORTGAGE CORPORATION, )
)
    Movant, )
)
vs. )
)
ROBERT CANO, JR. and ANNA M. CANO, )
and CINDY BOUDLOCHE, Trustee, )
)
    Respondents. )

**DEBTORS' RESPONSE TO**
**MOTION OF GMAC MORTGAGE CORPORATION**
**FOR RELIEF FROM STAY AND WAIVER OF THIRTY DAY REQUIREMENT**

TO THE HONORABLE RICHARD S. SCHMIDT, Bankruptcy Judge

    COME NOW, ROBERT CANO, JR. and ANNA M. CANO, Debtors herein and in response to Motion of GMAC MORTGAGE CORPORATIN (hereinafter called "Movant") for Relief from Stay and Waiver of Thirty Day Requirement, respectfully state to the Court as follows:

    1.   The Debtors admit the allegations set forth in paragraphs 1, 2, 3, 4, and 5 of Movant's Motion.

    2.   The Debtors deny the allegations set forth in paragraphs 7, 8, 9, and 11 of Movant's Motion.

    3.     The Debtors admit that they had failed to pay real estate taxes on the property due to a misunderstanding of their obligation as stated in paragraph 6 of Movant's Motion, but affirmatively state that they have made arrangements with the Taxing Authorities to pay the post petition taxes. The pre-petition taxes are in the Plan and being paid through the Plan. The Debtors deny that the Movant has paid any taxes, as the Taxing Authorities do not show any taxes paid for the years 2003 or 2004, as of February 10, 2005.

    4.     The Debtors are without sufficient knowledge to admit or deny paragraph 10 of

EXHIBIT H

Movant's Motion, and request this Court require strict proof thereof.

5.    The Debtors affirmatively state that they do have insurance on the said property.

6.    The Debtors affirmatively state that this is their home, and as such, is necessary for their reorganization.

WHEREFORE, PREMISES CONSIDERED, ROBERT CANO, JR., and ANNA M. CANO, Debtors, pray that Motion of GMAC Mortgage Corporation for Relief from Stay and Waiver of Thirty Day Requirement, be denied, and for such other and further orders of Court as may be just and equitable in the premises.

<div style="margin-left: 40%">

Respectfully submitted**,**

_/s/ Richard O. Habermann_

Richard O. Habermann
1418 Beech Avenue, Suite 132
McAllen, Texas 78501
Office: (956)687-2920
Fax: (956) 668-1923
Federal I.D. No. 9275
State Bar No. 088665530

</div>

## <u>CERTIFICATE OF SERVICE</u>

I, on behalf of the Respondents, ROBERT CANO, JR. and ANNA M. CANO, (Debtors), certify that I am more than eighteen (18) years of age, and that on the 15th day of March, 2005, I served a copy of the Response to GMAC Mortgage Corporation's Motion for Relief from Stay and Waiver of Thirty Day Requirement filed by the Respondent by electronic filing, and for those parties not receiving electronic filing, by depositing a true and correct copy thereof in the U. S. Post Office, McAllen, Texas, postage prepaid, and in envelopes addressed as stated below:

Ms. Cindy Boudloche
Chapter 13 Trustee
555 N. Carancahua Suite 600
Corpus Christi, Texas 78475

Assistant U. S. Trustee
1107 Wilson Plaza West
606 North Carancahua Street
Corpus Christi, Texas 78475

Ms. Tanisha L. Thorpes
BARRETT BURKE WILSON
CASTLE DAFFIN & FRAPPIER, L.L.P.
1900 St. James Place, Suite 500
Houston, Texas 77056

Ms. Lori Gruver Robertson
LINEBARGER, GOGGAN, BLAIR
& SAMPSON, L.L.P.
P. O. Box 17428
Austin, Texas 78760

Mr. Robert Cano, Jr.
Ms. Anna M. Cano
2008 Phyllis Lane
Edinburg, Texas 78539

_/s/ Richard O. Habermann_
Richard O. Habermann

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT CANO, JR., | ) | CASE NO. 02-70359-M-13 |
| ANNA M. CANO | ) | (Chapter 13) |
| | ) | |
| Debtors, | ) | |
| ------------------------------------------------------------ | | |
| GMAC MORTGAGE CORPORATION, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT CANO, JR. and ANNA M. CANO, | ) | |
| and CINDY BOUDLOCHE, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

**AFFIDAVIT CONCERNING RESPONDENT'S
ATTEMPT TO SETTLE**

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) |
| COUNTY OF HIDALGO | ) |

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant, who, being first duly sworn by me, on oath, stated:

"My name is Richard O. Habermann. I am at least eighteen years of age, of sound mind, capable of making this affidavit, and fully competent to testify to the matters stated herein, and I have personal knowledge of each of the matters stated herein and am an attorney of record for Robert Cano, Jr., and Anna M. Cano, Debtors.

"On the 23rd day of February, 2005 I contacted the Law Firm of BARRETT BURKE WILSON CASTLE DAFFIN & FRAPPIER, L.L.P., in an attempt to settle the issues presented. I called Ms. Tanisha Thorpes.

"While I was not able to talk with her or her assistant about this matter, I believe that the issues will settle."

FURTHER DEPONENT SAYETH NOT.

*s/ Richard O. Habermann*
Richard O. Habermann

SUBSCRIBED AND SWORN TO before me, a Notary Public, on this 15th day of March, 2005.

*s/ Nayla Munoz*
Notary Public, State of Texas

BBWCDF# 20020126300990

BARRETT BURKE WILSON CASTLE DAFFIN & FRAPPIER, L.L.P.
1900 St. James Place, Suite 500
Houston, Texas  77056;  (713) 621-8673
Attorney for GMAC MORTGAGE CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 02-70359-M-13 |
| ROBERT CANO, JR. and ANNA M. | § | |
| CANO, | § | |
|         Debtor | § | |
| | § | |
| GMAC MORTGAGE CORPORATION, | § | CHAPTER 13 |
| | § | |
| | § | |
| | § | |
| | § | |
|         Movant | § | |
| v. | § | HEARING DATE: |
| ROBERT CANO, JR. and ANNA M. | § | JUNE 15, 2005 |
| CANO; and | § | |
| CINDY BOUDLOCHE, Trustee | § | TIME: 9:00 |
| | § | |
|         Respondents | § | JUDGE RICHARD S SCHMIDT |

**AGREED ORDER TOTAL DEBT**

Came on for consideration the Motion for Relief from Stay filed by GMAC MORTGAGE CORPORATION, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause.  The Court, having considered said Motion, and the agreement of counsel, is of the opinion that the following Agreed Order should be entered.  It is therefore, ORDERED, ADJUDGED, AND DECREED that:

AGREED ORDER TOTAL DEBT
LD\ORDER\

**PAGE  - 1 -**



021330

EXHIBIT I

1.      **Automatic Stay:**  The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2.      **Payments of Taxes:** Debtors shall pay all real property taxes direct to the various taxing authorities and provide proof of payment within 15 days of the ~~due~~ date including the 2004 taxes due on January 1, 2005  Failure to provide proof of payment shall constitute and element of default as set forth in Paragraph 7.

3.      **Payments of Insurance:**  Debtors shall pay homeowners insurance direct to the insurance agency and provide proof of payment to Movant within 15 days of the due date.  Failure to provide proof of payment shall constitute as element of default as set forth in Paragraph 7.

4.      **Payments to Trustee:** Debtors shall remit to the Trustee the monthly payment provided for under the Debtors' Plan.  Debtors shall bring current all delinquent and outstanding payment(s) owed to the Trustee, if applicable, within 30 days of the date this Order is signed by the Bankruptcy Judge.

5.      **Discharge:**  Notwithstanding any provisions hereof, the automatic stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6.      **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code, and in the event of conversion, Movant shall not be bound by the payment schedule in paragraph three (3) of this Agreed Order.

Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the applicable note and deed of trust payable to Movant shall become immediately payable, and failure to bring the loan contractually current within ten (10) days of the date of the entry of a conversion order or the debtors' filing of a motion to convert shall be an event of default under paragraph seven (7) of this Agreed Order.

7.      <u>Default:</u>  In the event Movant does not receive any payments by the dates set forth in Paragraphs 2 or 3 or Debtors do not remit the payment set forth in Paragraph 4 above, or in the event Debtor(s) converts to Chapter 7 as set forth in Paragraph 7, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtors and Debtors' Counsel and allow Debtors a 10-day period from the date of such written notice to cure such delinquent payment(s). Cure payments must be made by certified funds only and Movant may charge Debtors $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payment(s) within such 10-day period or in the event Debtors become delinquent after two (2) notices of default, the Automatic Stay shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> LOT 8, RINCON DE ENCINOS ADDITION, CITY OF
> EDINBURG, HIDALGO COUNTY, TEXAS, ACCORDING

AGREED ORDER TOTAL DEBT                                    PAGE  - 3 -
I:D\ORDER\

021330

TO THE MAP RECORDED IN VOLUME 29, PAGE 108A, MAP RECORDS IN THE OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtors attorney and the Chapter 13 Trustee that the Automatic Stay has been terminated.

### MOVANT HAS COMPLIED WITH LOCAL BANKRUPTCY RULE 4001

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT BURKE WILSON CASTLE
  DAFFIN & FRAPPIER, L.L.P.

BY: _____
/s/ SARAH ELIZABETH SIBLEY
TBA# 24043439
1900 St. James Place,
Suite 500
Houston, Texas  77056
(713) 621-8673
ATTORNEY FOR MOVANT


Dated: ___6-15-05___

_____
/s/ RICHARD O. HABERMANN
1418 BEECH AVENUE, SUITE 132
MCALLEN, TX 78501
ATTORNEY FOR THE DEBTORS


Mary Hower Signed w/ Permission
_____
/s/ MARY HOWER
ATTORNEY FOR TRUSTEE


_____
UNITED STATES BANKRUPTCY JUDGE


AGREED ORDER TOTAL DEBT
LO\ORDER\

PAGE  - 4 -

021330      66904021373027