

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
10/27/2011

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 02-70359 |
| | § | |
| ROBERT AND ANNA CANO | § | CHAPTER 13 |
| | § | |
| DEBTORS. | § | |
| | § | |
| ROBERT AND ANNA CANO | § | |
| and all those similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| GMAC MORTGAGE CORP. | § | ADVERSARY NO. 08-7019 |
| | § | |
| Defendant | | |

## FINAL ORDER APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

Upon review and consideration of the Settlement Agreement signed by the parties and as Amended by the Amendment to Class Action Settlement Agreement filed at Docket No. 101, and as set forth in the Notice to Class Members approved by this Court and mailed to the Class Members (collectively, the "Settlement Agreement"), the Fairness Hearing held on October 17, 2011, the memoranda and arguments of counsel, and any objections to the Settlement,

IT IS HEREBY ORDERED and adjudged as follows:

1. Pursuant to Fed. R. Civ. P. 23 and Bankruptcy Rule 7023, the Settlement of this Action, as embodied in the terms of the Settlement Agreement is hereby finally approved as a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby adopted as an Order of this Court.

2. Solely for the purpose of Settlement and pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3), and Bankruptcy Rules 7023(a), 7023(b)(2) and 7023(b)(3), the Court hereby finally certifies the following Class:

> All persons in the Southern District of Texas who had a Loan owned or serviced by GMACM as of February 1, 2004, or thereafter, (a) who filed a case in the court under Chapter 13 of the Bankruptcy Code, (b) which bankruptcy filing resulted in a discharge under Chapter 13, and (c) whose Loan was serviced by GMACM at the time of the discharge.
>
> The Class does not include: 1) persons whose mortgages or deeds of trust have been foreclosed, 2) persons whose Loan account was current at discharge and whose Loan account had no unpaid Bankruptcy Fees pending at discharge, 3) persons whose Loan was modified or refinanced following the date of their bankruptcy filing, and 4) persons as to whom the automatic stay was lifted prior to discharge.
>
> "Class Group 1" consists of Class Members who have paid off their Loans or as to whom servicing was transferred from GMACM to another servicer after discharge. "Class Group 2" consists of Class Members who have open Loan accounts being serviced by GMACM at the time of this settlement.

3. The Court finds that notice previously given to Class Members in this Action was the best notice practicable under the circumstances and satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Rule 7023 of the Federal Rules of Bankruptcy Procedure.

4. The Court confirms the appointment of Representative Plaintiffs Robert and Anna Cano as the Representatives of the Class and finds that they meet the requirements of Fed. R. Civ. P. 23 and Bankruptcy Rule 7023.

5. The Court confirms the appointment of the following lawyers as counsel to the Class, and finds that these counsel meet the requirements of Fed. R. Civ. P. 23 and Bankruptcy Rule 7023:

Karen Kellett, Esq.
Armstrong Kellett Bartholow P.C.
11300 N. Central Expressway
Suite 301
Dallas, TX 75243

Ellen Stone, Esq.
The Stone Law Firm, P.C.
62 E. Price Road
Brownsville, TX 78520

Gary Klein, Esq.
Shennan Kavanagh, Esq.
Roddy Klein & Ryan
727 Atlantic Avenue
Boston, MA  02111-3810

6. The Court further finds, in light of the current posture of this case, and the certification of this Class as a Settlement Class, that, as to the Class:

    (a) The Class is so numerous that the joinder of all members is impracticable.

    (b) There are questions of law or fact common to the Class.

    (c) The claims of the Representative Plaintiffs are typical of the claims of the Class that Representative Plaintiffs seek to certify.

    (d) The Representative Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

The Court further finds that:

    (a) the party originally opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole.

The Court further finds that:

    (b) The questions of law or fact that are common to the members of the Class, and that are relevant for Settlement purposes, predominate over the questions affecting only individual members; and

    (c) Certification of the above-described Class is superior to other available methods for the fair and efficient adjudication of this controversy.

7. After due consideration of Representative Plaintiffs' likelihood of success at trial; the range of Representative Plaintiffs' possible recovery; the point on or below the range of

possible recovery at which a settlement is fair, adequate, and reasonable; the complexity, expense, and duration of the litigation; the substance and amount of opposition to the Settlement, which was none; and the state of proceedings at which the Settlement was achieved; all timely objections; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the Settlement is fair, adequate, and reasonable. In particular, in accordance with this Court's and the Bankruptcy Court's prior opinions, and those of correlate courts, the financial terms fall well within the range of terms that would be considered fair, adequate, and reasonable. Accordingly, the Settlement and the Settlement Agreement should be and are approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members. Each Class Member (except those who have excluded themselves from the Class and who appear on the list attached as Exhibit A to this Order) shall be bound by the Settlement Agreement, including the releases and covenants not to sue in the Settlement Agreement, which are hereby incorporated by reference and become part of the final judgment in this Action.

8. In order to effectuate the provision of the Settlement Benefit GMACM shall provide the following:

Settlement Benefit to Class Member in Class Group 1

With forty (40) days of Final Approval, GMACM shall mail a check for $5000 to each Class member in Class Group 1.

Settlement Benefits to Class Members in Class Group 2

(a) Class Members who received their chapter 13 discharge in the three years immediately prior to the Final Approval Date:

    (i) Within forty (40) days of Final Approval, GMACM shall refund all Bankruptcy Fees by a Loan account credit in the amount of the Bankruptcy Fees and shall provide notice to the Class Member of the amount of their credit.

    (ii) The Settlement Benefit will be credited against outstanding Bankruptcy Fees. If there are no outstanding Bankruptcy Fees, the

          Settlement Benefit will be credited to the outstanding principal owed on the Loan.

    (b)    Class members who received their chapter 13 discharge more than three years prior to the Final Approval Date.

        (i)    Within forty (40) days of Final Approval, GMACM shall credit the Class Member's Loan account for Bankruptcy Fees in the amount of $400.00 regardless of the actual Bankruptcy Fees charged. GMACM shall provide notice to the Class Member of the amount of their credit.

        (ii)    If there are no outstanding Bankruptcy Fees on the Class Member's Loan account, the Settlement Benefit will be credited to the principal.

9.    Within twenty (20) days of Final Approval, GMACM shall pay Class Counsel attorneys' fees and costs in the total aggregate amount of $225,000.00.

10.    Within twenty (20 days of Final Approval, GMACM shall pay an incentive award of $10,000.00 to Representative Plaintiffs Robert and Anna Cano, and credit the Canos' account as provided in the Settlement Agreement. The Court finds such an award to be warranted by the activities and leadership undertaken by the Representative Plaintiffs.

11.    The Settlement Administrator, consistent with the terms and deadlines established in the Agreement, shall prepare the reports and calculations, make any payments, adjustments, or remittances required, and otherwise comply with its respective obligations under the Agreement.

12.    This Action is hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter judgment in favor of defendant. The judgment shall be without costs to any Party.

13.    Each and every Class Member not listed on Exhibit A hereto is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against GMAC Mortgage Corporation, or any or all of the Released Persons (as defined in the Agreement), any matter within

the scope of the Judgment or within the scope of the Releases in the Agreement. There shall be no bond required.

14. Each and every Class Member not listed on Exhibit A hereto is deemed to release and forever discharge GMACM and all Released Persons (as defined in the Agreement), from all matters within the Releases set forth in Section V of the Settlement Agreement, which is incorporated by reference, and such Releases shall constitute a part of the Judgment in the Action and shall operate as *res judicata* as to such matters.

15. The Court finds that GMACM has complied with 28 U.S.C. § 1715 and all other requirements for notice.

16. This Court hereby retains exclusive jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Agreement, including any matters concerning the enforcement of covenants not to sue or the injunction set forth in paragraph 13. The Court further retains jurisdiction to enforce this Order entered this day.

BY ORDER OF THE COURT

Signed: October 27, 2011

_____
Marvin Isgur
Chief United States Bankruptcy Judge

# EXHIBIT A

1.     James N. Ecklund and Janice L. Ecklund